ALLSTATE INSURANCE COMPANY, Petitioner,

v.

Kathleen G. WATSON, Respondent.

No. D–2474.

Supreme Court of Texas.

Jan. 12, 1994.

Concurring Opinion by
Justice Spector Nov. 24, 1993.

Dissenting Opinion by
Justice Doggett Nov. 24, 1993.

H. Robert Powell, Julie Caruthers Parsley, Austin, J. Michael Liles, Fort Worth, Paul E.B. Glad, San Francisco, CA, for petitioner.

Philip K. Maxwell, Austin, Stacy B. Loftin, John T. Lynch, IV, Steven M. Weinberg, Bedford, Joe K. Longley, Austin, for respondent.

## ON MOTION FOR REHEARING

ENOCH, Justice.

Respondent's motion for rehearing is overruled. We withdraw our opinion of November 24, 1993 and substitute the following opinion in its place.

The issue in this case is whether the legislature has conferred upon a third party claimant a direct cause of action against an insurer for unfair claim settlement practices under section 16 of art. 21.21 of the Texas Insurance Code. We hold that a third party claimant has no such direct cause of action under art. 21.21 and therefore, we reverse in part and affirm in part the judgment of the court of appeals.

Kathleen Watson was injured in a car accident on March 31, 1989. The driver of the other car was M.D. Townley, an insured under an automobile liability policy issued by Allstate Insurance Company. Watson filed suit on June 28, 1989 against Townley alleging that Townley was negligent and that his negligence was a proximate cause of the accident and her injuries. In the same action, Watson also sued Allstate under art. 21.21, section 16, for alleged unfair claim settlement practices in failing to attempt in good faith to effectuate prompt settlement of her claims where liability had become reasonably clear and in denying or unreasonably delaying payment of her claim. Watson alleged that Allstate's conduct violated 28 Tex.Admin.Code § 21.3 (Board Order 18663) and section 17.46 of the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA), thereby giving rise to her cause of action under art. 21.21, section 16.[1] In addition to her claim under art. 21.21, Watson alleged violations of the DTPA, breach of contract, breach of the duty of good faith and fair dealing, and sought a declaratory judgment that Watson was an intended third party beneficiary of the Allstate liability policy.

---

1. Watson claims in this Court that through Board Order 18663, Allstate' conduct also violates art. 21.21–2 of the Texas Insurance Code and 28 Tex.Admin.Code § 21.203 (Board Order 41454).

On Allstate's motion, the trial court severed the claims against Allstate, struck Watson's pleadings as to Allstate for failure to state a claim, and granted Allstate's motion for summary judgment. The court of appeals affirmed the judgment of the trial court, 828 S.W.2d 423, except as to Watson's claim under art. 21.21 of the Texas Insurance Code. 828 S.W.2d at 425. The court of appeals reversed and remanded Watson's art. 21.21 claim, holding that Watson, as a third party beneficiary of an automobile liability policy, could bring an action under art. 21.21 without first proceeding directly against the named insured of the policy.[2] *Id.* For the reasons stated below, we reverse the judgment of the court of appeals concerning Watson's art. 21.21 claim.

### I.

■ In this case, we are asked to expand our holding in *Vail v. Texas Farm Bureau Mutual Ins. Co.,* 754 S.W.2d 129 (Tex.1988) and conclude that section 16 of art. 21.21 confers upon third party claimants a direct cause of action against an insurer for unfair claim settlement practices. In essence, we are asked to extend to a party adverse to the insured, the same duties and obligations insurers owe to their insureds under *Vail.* For the reasons stated below, we decline to do so.

■ To have a private cause of action for alleged unfair claim settlement practices under art. 21.21, section 16, such practices must be *declared unfair or deceptive acts or practices* in the business of insurance in section 4 of art. 21.21, the rules and regulations of the State Board of Insurance adopted under art. 21.21, or be *defined unlawful deceptive trade practices* in section 17.46 of the DTPA. Tex. Ins.Code Ann. art. 21.21, § 16. The full text of art. 21.21, section 16 reads:

(a) Any person who has sustained actual damages as a result of another's engaging in an act or practice declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance or in any practice defined by section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the person or persons engaging in such acts or practices.

*Id.* We address each basis for art. 21.21 liability separately.

### A. *Section 4 of art. 21.21*

■ The express purpose of art. 21.21 is to regulate trade practices in the business of insurance by defining or providing for determination of "*all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices*" and prohibiting such practices. Tex.Ins. Code Ann. art. 21.21, § 1 (emphasis added). Section 4 of art. 21.21 defines those practices that constitute unfair methods of competition or unfair or deceptive acts or practices. *Id.* at § 4. We note that unlike section 17.46 of the DTPA, discussed below, section 4 of art. 21.21 does not use the phrase "includes, but is not limited to" when defining prohibited acts. As written, art. 21.21, section 4, is an exclusive list of statutory unfair or deceptive acts or practices in the business of insurance.[3] Within this list, section 4 does *not* define unfair claim settlement practices as an unfair or deceptive act or practice. Unfair claim settlement practices are not actionable under art. 21.21, section 16, by virtue of art. 21.21, section 4.

### B. *Rules and regulations adopted under art. 21.21*

Board Order 18663 was adopted by the State Board of Insurance pursuant to art.

---

**2.** Watson has not appealed in this Court the decision of the court of appeals affirming the trial court's summary judgment on her remaining claims. Thus, the only issue presented here is whether the court of appeals erred in reversing and remanding the summary judgment on Watson's art. 21.21 claim.

**3.** Section 17.46 of the DTPA provides that the term deceptive acts or practices "includes, but is not limited to" acts or practices which that section thereafter lists. Following this legislative directive, this Court held that section 17.46 is not an exclusive list of deceptive acts or practices under the DTPA. *Spradling v. Williams,* 566 S.W.2d 561, 564 (Tex.1978).

21.21. Through that order, Watson claims she is entitled to sue Allstate for unfair claim settlement practices. Board Order 18663 *does not* declare unfair claim settlement practices to be an unfair or deceptive act or practice. Rather, like art. 21.21 of the Insurance Code, this regulation prohibits insurers from engaging in unfair or deceptive acts or practices as *defined elsewhere*. The relevant portion of Board Order 18663 provides:

> (a) Misrepresentation of insurance policies, unfair competition, and unfair practices by insurers, agents and other connected persons are prohibited by Article 21.20 and Article 21.21 or by other provisions of the Insurance Code. No person shall engage in this state in any trade practice that is a misrepresentation of an insurance policy, that is an unfair method of competition, or that is an *unfair or deceptive act or practice as defined by* the provisions of the Insurance Code or as defined by these sections and other rules and regulations of the State Board of Insurance authorized by the Code.

> (b) Irrespective of the fact that the improper trade practice is not defined in any other section of these rules and regulations, no person shall engage in this state in any trade practice which is determined pursuant by law to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

**4.** Board Order 41454 provides:

> No insurer shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing with such frequency as to indicate a general practice any of the following:
> (4) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear.

State Bd. of Ins., Board Order 41454 (1982) (now 28 Tex.Admin.Code § 21.203).

**5.** Kathleen Watson's affidavit in response to Allstate's motion for summary judgment states only that Allstate failed to settle her claim in a reasonable manner. Board Order 41454 requires proof of more than the denial or delay in payment of one claim. *Chitsey v. National Lloyds Ins. Co.,* 738 S.W.2d 641, 643 (Tex.1987). The undisputed facts, as a matter of law, do not show the requisite frequency under Board Order 41454.

State Bd. of Ins., 28 Tex.Admin.Code § 21.3 (West October 1, 1992) (emphasis added). Because Board Order 18663 does not declare unfair claim settlement practices to be an unfair or deceptive act or practice, such practices are not actionable under art. 21.21 by reference to Board Order 18663 alone. Tex. Ins.Code Ann. art. 21.21, § 16.

Watson argues, however, that through Board Order 18663, Board Order 41454 is implicated.[4] This Court held in *Vail* that an insured could not rely on Board Order 41454 because the definition of unfair or deceptive acts or practices required that such acts be committed with "such frequency as to indicate a general business practice." *Vail,* 754 S.W.2d at 135. Thus, *Vail* precludes Watson's claims under Board Order 41454.[5] While Board Order 41454 was amended effective August 19, 1992 to delete any frequency requirement, because of its effective date, this amendment does not apply to this case. In any event, Board Order 41454 was adopted pursuant to art. 21.21-2, not art. 21.21 and, thus, cannot form the basis of a claim under art. 21.21, section 16. Tex.Ins. Code Ann. art. 21.21, § 16.

Watson also argues that art. 21.21-2, which defines and prohibits unfair claim settlement practices, is made available as a private cause of action through Board Order 18663.[6] To the contrary, art. 21.21-2 does not create a private cause of action for violations of that statute. *See CNA Ins. Co. v. Scheffey,* 828

**6.** Art. 21.21-2 provides in pertinent part as follows:

> Any of the following acts by an insurer, if committed without cause and performed with such frequency as determined by the State Board of Insurance as provided for in this Act, shall constitute unfair claim settlement practices:
> (d) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear.

Tex.Ins Code Ann. art. 21.21-2, § 2 (Vernon 1981). Like Board Order 41454, art. 21.21-2 was amended in 1991 to eliminate any frequency requirement. The amendment, effective January 1, 1992, does not apply to this case, and, in fact, is irrelevant to our analysis because we conclude that Board Order 18663 does not create a private cause of action in favor of third party claimants for violations of art. 21.21-2.

S.W.2d 785, 791 (Tex.App.—Texarkana 1992, writ denied); *Cantu v. Western Fire & Casualty Ins. Co.,* 716 S.W.2d 737, 741 (Tex. App.—Corpus Christi 1986), *writ ref'd n.r.e. per curiam,* 723 S.W.2d 668 (Tex.1987). Significantly, the legislature in 1985 specifically rejected a proposed amendment to art. 21.21, section 16, that would have created a private cause of action for unfair claim settlement practices as defined in art. 21.21–2. H.J. OF TEX., 69th Leg., R.S. 417 (1985). And more recently, in 1991, the legislature deleted a provision from H.B. 2 that would have provided a private cause of action in art. 21.21–2 to any "claimant" for unfair claim settlement practices. H.B. 2, § 9.12, 72d Leg., R.S. (1991) (original version of bill filed February 2, 1991). In construing art. 21.21 and Board Order 18663 promulgated thereunder, we cannot ignore the legislature's refusal to create a statutory private cause of action for unfair claim settlement practices for third party claimants such as Watson. *See Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 338 (Tex.1979) and *Smith v. Baldwin,* 611 S.W.2d 611, 617 (Tex.1980) (deletion of provision in a pending bill discloses legislative intent to reject the proposal). We will not construe art. 21.21, section 16 to permit, indirectly, a third party claimant to sue an insurer for unfair claim settlement practices through Board Order 18663 where she may not do so directly and where the legislature has specifically refused to create such a cause of action for unfair claim settlement practices under art. 21.21, section 16 and art. 21.21–2.

### C. *Section 17.46 of the DTPA*

Art. 21.21, section 16 provides a private cause of action for any practice **defined by** section 17.46 of the DTPA as an unlawful deceptive trade practice. TEX.INS.CODE ANN. art. 21.21, § 16. "Unfair claim settlement practices" is not among the enumerated items defined by section 17.46 as an unlawful deceptive trade practice. While section 17.46 may not be a complete list of unlawful deceptive trade practices for purposes of asserting claims under the DTPA,[7] art. 21.21 expressly makes actionable those acts or practices that,

in fact, are defined in section 17.46 as unlawful deceptive trade practices. Unfair claim settlement practices are not listed and, therefore, they are not actionable under art. 21.21, section 16 of the Insurance Code.

### II.

To be sure, art. 21.21, section 16 is worded as providing a cause of action to "any person." However, for Watson to assert her cause of action against Allstate for unfair claim settlement practices, she must do so through the reasoning of *Vail. Vail,* an opinion delivered in 1988, followed closely after our decision in *Arnold v. National County Mutual Ins. Co.,* 725 S.W.2d 165 (Tex.1987). *Vail* thus presented the question of construction of art. 21.21, section 16 in the context of an insured-insurer relationship and in light of the preexisting common law duty of good faith and fair dealing recognized in *Arnold.* In reaching our decision today, we are particularly mindful of the duties imposed on insurers as to their insureds. *See Vail,* 754 S.W.2d at 136; *Arnold,* 725 S.W.2d at 167. *Vail* is predicated upon this Court's expressed belief that a special relationship exists between an insured and the insurer. *See Arnold,* 725 S.W.2d at 167. *Vail* remains the law as to claims for alleged unfair claim settlement practices brought by insureds against their insurers.

Watson, however, is not an insured. Rather, she asserts her claims against Allstate as a third party to the contract between Allstate and its insured. The obligations imposed by art. 21.21 of the Insurance Code and *Vail* are engrafted onto the contract between the insurer and insured and are extra-contractual in nature. A third party claimant has no contract with the insurer or the insured, has not paid any premiums, has no legal relationship to the insurer or special relationship of trust with the insurer, and in short, has no basis upon which to expect or demand the benefit of the extra-contractual obligations imposed on insurers under art. 21.21 with regard to their insureds. Nothing in *Vail* suggests that the extra-contractual obligations, rights, and remedies of art. 21.21, section 16 extend to third party claimants.

---

7. *See Spradling v. Williams,* 566 S.W.2d 561, 564 (Tex.1978).

■ More to the point, in construing art. 21.21, section 16 as Watson would have us construe it to give her standing in this case, we would undermine the duties insurers owe to their insureds under *Vail* and *Arnold.* In construing art. 21.21 in *Vail,* we were not faced with potentially conflicting duties. There is nothing inconsistent between the common law duty of good faith and fair dealing owed by an insurer to its insured and a duty imposed under *Vail* and art. 21.21, section 16 on an insurer as to its insured prohibiting unfair claim settlement practices. Were we to extend to third party claimants the same duties insurers owe to their insureds, insurers would be faced with owing coextensive and conflicting duties. An insurer owes to its insured a duty to defend the insured *against* the claims asserted by a third party. Recognizing concomitant and coextensive duties under art. 21.21 to third party claimants, parties adverse to the insured, necessarily compromises the duties the insurer owes to its insured. In fact, the logical result of permitting a separate and direct cause of action in favor of third party claimants allows third parties to sue for unfair claim settlement practices *even though the insured has no claim for an unfair claim settlement practice.* As troublesome, it is conceivable that in attempting to settle claims pursuant to the demands of a third party claimant, insurers may be liable to the insured for settling too quickly. *See Texas Farmers Insurance Co. v. Soriano,* 844 S.W.2d 808 (Tex.App.—San Antonio 1993, writ granted) (affirming a judgment for actual and punitive damages against an insurer and in favor of the insured for breach of the common law duty of good faith and fair dealing where the insurer attempted to settle multiple claims for its underinsured by offering the full policy limits against the insured's wishes). In refusing to provide a direct cause of action for third party claimants, the

legislature may well have been aware of this potential for conflicting duties. We will not construe art. 21.21 or *Vail,* absent explicit directive from the legislature, so as to compromise the insurer's loyalties and obligations owed to the insured.[8]

We hold that Watson, as a third party claimant, lacks standing under section 16 of art. 21.21 to sue Allstate directly for unfair claim settlement practices.

### III.

■ In coming to our conclusion, we also note that the court of appeals incorrectly determined that Watson had standing to sue under art. 21.21 as a third party beneficiary of the automobile liability policy. 828 S.W.2d at 428. In *Dairyland County Mutual Ins. Co. v. Childress,* 650 S.W.2d 770 (Tex.1983), this Court held that for purposes of recovering attorney's fees under an insurance contract, a third party who has obtained a judgment against an insured is an intended third party beneficiary of the insurance contract and is entitled to enforce the contract. *Dairyland* does not give third party claimants standing to sue to enforce the extra-contractual obligations under art. 21.21, section 16. Therefore, *Dairyland* is not applicable to this case.

The court of appeals erred in reversing the trial court's judgment as to Watson's art. 21.21 claim. We reverse in part the judgment of the court of appeals as to Watson's art. 21.21 claim and affirm the remainder of the judgment of the court of appeals.

PHILLIPS, C.J., and GONZALEZ, HIGHTOWER, HECHT and CORNYN, JJ., join in this opinion.

SPECTOR, Justice, concurring.

Nov. 24, 1993

I concur in the Court's judgment, but not its opinion. I would hold that a third-party

---

8. On motion for rehearing, Watson argues that through Board Order 18663 § 4(b), Watson has standing to sue Allstate under section 16, art. 21.21 for breach of the duty of good faith and fair dealing as articulated in *Arnold, supra,* and *Aranda v. Insurance Co. of America,* 748 S.W.2d 210 (Tex.1988). *See Vail,* 754 S.W.2d at 135; State Bd. of Ins., 28 Tex.Admin.Code § 21.3(b). The court of appeals below held that Allstate did not owe Watson, a third party claimant, a com-

mon law duty of good faith and fair dealing under *Arnold* and *Aranda* and Watson has not appealed that determination. 828 S.W.2d at 426. Moreover, because Watson is not an insured, we decline to construe art. 21.21, section 16 and Board Order 18663 so as to permit a cause of action which would be contrary to the common law duties recognized in favor of insureds under *Arnold* and the related duties under *Aranda.*

claimant may proceed directly against an insurer once the claimant has established that the insured has a legal obligation to pay damages to the claimant. *See State Farm County Mut. Ins. Co. v. Ollis,* 768 S.W.2d 722, 723 (Tex.1989); *Great American Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex. 1969). Once Kathleen Watson has obtained a judgment or settlement against the insured, she is entitled to recover for any damages she has sustained as a result of Allstate's unfair or unlawful acts or practices. TEX.INS. CODE art. 21.21, § 16(a).

DOGGETT, Justice, dissenting.

Nov. 24, 1993

An explicit statute and an unequivocal prior ruling of this Court once again impose no restraint on a majority determined to deny Texans any meaningful remedy for abusive insurance claims handling practices. After suffering injuries in an automobile collision, Kathleen Watson alleges she sustained only more injuries from Allstate's delay in resolving her claim and lack of good faith. The decision of the court of appeals assured Watson the protection against unfair claim settlement practices afforded by section 16, art. 21.21 of the Texas Insurance Code. 828 S.W.2d 423. Today's opinion removes that safeguard. Because this important law should be enforced, I dissent.

If only this statute had been drafted differently, the majority would not have had to go through such gyrations in once again assuming for itself a legislative role. But today's word games do more than harm third parties like Kathleen Watson. By challenging the legitimacy of *Vail v. Texas Farm Bureau Mutual Insurance Co.,* 754 S.W.2d 129 (Tex. 1988) (finding a statutory cause of action for unfair claim settlement practices under TEX. INS.CODE ANN. art. 21.21 (Vernon Supp. 1993)), and implicitly adopting the regressive reasoning of the previously rejected writings of Justices Gonzalez and Phillips, *id.* at 137, 139 (Gonzalez, J., dissenting and Phillips,

C.J., dissenting on rehearing), the majority has invited imminent attack on the most effective tool that Texas consumers possess to ensure that they have not paid premiums only to be subjected to abuse by their *own* insurers.

Texans victimized by the unfair or deceptive conduct of insurance companies have been afforded statutory protection:

> Any person ... damage[d] as a result of another's engaging in an act or practice declared in ... regulations lawfully adopted by the Board ... to be ... unfair or deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the [DTPA] as an unlawful deceptive trade practice may maintain an action against the [violator].

TEX.INS.CODE ANN. art. 21.21, § 16 (Vernon Supp.1993). This Court has relied upon the express language of this enactment to assure protection against unfair claim settlement practices. *See Vail,* 754 S.W.2d 129. Such claims practices are actionable as unfair acts under art. 21.21 both because they are so defined by a regulation of the State Board of Insurance and because they can constitute a breach of section 17.46 of the Texas Business and Commerce Code (DTPA).

State Board of Insurance Order 18663, section 4(a) states that any act defined by the Insurance Code to be an unfair or deceptive act or practice is prohibited by art. 21.21. 28 TEX.ADMIN.CODE § 21.3(a) (West 1993). One such prescribed unfair practice is "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear." TEX.INS.CODE art. 21.21–2, § 2(d). Since there is not the slightest indication that Board Order 18663 and the definition contained in article 21.21–2, § 2(d) were to be excluded from incorporation by art. 21.21, this Court simply acknowledged that unfair claims settlement practices are among the provisions actionable under art. 21.21.[1] *Vail* at 134.

---

1. Board Order 41454, codified at 28 TEX.ADMIN.CODE § 21.203 (West 1993), also supports a claim for unfair claim settlement practices under art. 21.21. This rule was not relied upon in *Vail,* however, because at that time it included a re-

quirement of frequency of the improper conduct. *Vail* at 134. That prerequisite has since been deleted by an amendment effective after the instant claim had been filed.

But the majority now blocks any opportunity by Kathleen Watson to enforce art. 21.21 with the amazing argument that a wholly separate statute, art. 21.21–2, does not itself create a private cause of action for unfair claims settlement practices. 876 S.W.2d at 148. This very rationale has already been repudiated by this Court in *Vail.* Aware "that article 21.21–2 does not confer a private cause of action," this Court rejected the insurer's argument that this provision " 'sealed off' any private cause of action for unfair claims settlement practices under the DTPA or Insurance Code." *Vail* at 132.

Article 21.21 would be wholly superfluous were it limited solely to rules and regulations enacted under other Code provisions that offered their own separate private cause of action. There would have been no reason to promulgate art. 21.21 if a claimant could already proceed separately under other provisions such as art. 21.21–2. We have already determined in *Vail* that "[t]he fact that article 21.21–2 itself does not confer a private cause of action does not preclude the incorporation of definitions contained in that article into rules and regulations promulgated by the State Board of Insurance." *Vail* at 134. Since by its plain terms art. 21.21 provides a cause of action for every practice determined elsewhere in the Code to be unfair, and art. 21.21–2 proscribes unfair claim settlement

practices, they are actionable under art. 21.-21.[2]

Article 21.21 affords a second basis for an action for unfair claim settlement practices by its reference to section 17.46 of the DTPA, which defines "false, misleading, or deceptive acts or practices" as *including, but not limited to,* a list of enumerated items. TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon 1987). Since the list of prohibited acts is not exhaustive, *Spradling v. Williams,* 566 S.W.2d 561, 564 (Tex.1978), recovery may be based upon a finding of deception in the occurrence of an unlisted act or practice. *Id.* This Court has already determined that a finding that an insurer's failure to exercise good faith in the handling of a claim constituted a deceptive act was sufficient under section 17.46, and has further held that "section 16 of article 21.21 incorporates any [such] *unlisted practice* that is determined to be false, misleading or deceptive." *Vail* at 135 (emphasis added).

After conceding that section 17.46 is not a comprehensive list of actionable DTPA violations, the majority somehow concludes, without any authority whatsoever, that *in order to ground an unfair practices claim under art. 21.21, the conduct complained of must be specifically enumerated in section 17.46.* 876 S.W.2d at 149.[3] Representing the converse of our holding in *Vail,*[4] this decision imposes a wholly unjustified restriction on section

---

Today's opinion wrongly asserts that this provision remains unavailable even for post-amendment claimants because it was adopted pursuant to art. 21.21–2 rather than art. 21.21. 876 S.W.2d at 148. Like the balance of the majority's writing, this reasoning conflicts directly with our ruling in *Vail* permitting the use of definitions from art. 21.21–2 in an action under art. 21.21.

2. As a final bootstrap, the majority seizes on pre-*Vail* legislative rejection of a direct cause of action for unfair claim settlement practices. 876 S.W.2d at 149. Since such an action was already provided through art. 21.21 under the rules and regulations of the State Board of Insurance, the Legislature's declining to add a more specific but duplicative prohibition is hardly persuasive. As to more recent consideration of such an additional enactment, the Legislature acted with full knowledge of *Vail.* If dissatisfied with this Court's reading of art. 21.21, the Legislature had an excellent opportunity to rewrite it. The refusal to amend away the protection of art.

21.21, not the "refusal to create a [separate] statutory private cause of action" is controlling and is completely "ignore[d]" by today's opinion. 876 S.W.2d at 149.

3. This is hardly the first time that Allstate has advanced an argument contrary to our holding. Its longstanding contention that the cause of action provided by section 16 of art. 21.21 is limited solely to "acts and practices set forth in [section] 17.46" was rejected in *Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 605 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

4. Compare today's conclusion that "[u]nfair claim settlement practices are not listed and, therefore, they are not actionable under art. 21.-21," 876 S.W.2d at 149, with this Court's earlier plain reading of the statute: "Thus, section 16 of article 21.21 incorporates any unlisted practice that is determined to be false, misleading, or deceptive." *Vail* at 135 (citation omitted).

17.46 devoid of support in either the statutory text or legislative history.

The only real difference between the Vails and Watson is the type of individual making the claim; the former were insureds, while the latter is not. The benefits of art. 21.21 might well have been limited to the "insured" or the "consumer" but they are not. It guarantees a right to *"[a]ny person,"* art. 21.21, § 2 (emphasis added), which unequivocally includes Kathleen Watson. The same statute which supported the claim by the Vails unquestionably supports the claim by Watson. Because the legislature did not authorize such discrimination, today's opinion must invent some basis for its disparate treatment of Kathleen Watson. Ironically, the majority finds support in the very opinion to which it has devoted such energy in dismembering—*Vail,* a decision allegedly "predicated upon this court's expressed belief that a special relationship exists between an insured and the insurer." 876 S.W.2d at 149 (citing *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987)).

*Vail* did no such thing. There, in a rather easy case of basic statutory interpretation, the Court read what the legislature wrote, not what we may have wanted written as the majority has now done. Today we learn for the first time that *Vail* was somehow decided

in the shadow of *Arnold* 's focus on the insured-insurer relationship.[5] Such a conclusion announces a highly peculiar new rule of analysis: no matter how an opinion is itself worded, a decision of this Court should be considered as necessarily predicated on any decision from the prior calendar year addressing any similar subject matter, even though one involves a question of statutory construction and the other the development of the common law.[6] *Vail* 's sole reference to *Arnold* was in support of a completely separate statutory basis for recovery under art. 21.21 that does *not* form any part of Kathleen Watson's claim. 754 S.W.2d at 135.[7]

But not only is this reading of *Vail* inapplicable to Watson, it is also plainly wrong. Our previous conclusion that *Arnold* was one of two "determinations pursuant to law that an insurer's lack of good faith in processing a claim is an unfair or deceptive act" is as applicable to third party claims as to those by insureds. 754 S.W.2d at 135. Any argument that *Vail* can be limited solely to the claims of insureds finds absolutely no basis in that decision itself; rather it represents a newly fabricated rule to deny Kathleen Watson relief.

By following the unequivocal command of what had been our law, the most recent court to address this issue has reached the precise conclusion that the majority should have

---

5. *Arnold* emphasized "the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Arnold,* 725 S.W.2d at 167.

6. Indeed, *Arnold* drew a bold type distinction between "Statutory Causes of Action" under articles 21.21 and 21.21–2 and a "Common Law Cause of Action," which is predicated upon a "special relationship" between insured and insurer. *Arnold,* 725 S.W.2d at 167.

7. *Vail* makes this abundantly clear:

> We hold that the Vails stated and proved a cause of action for unfair claims settlement practices under section 17.50(a)(4) of the DTPA on any one of three alternative grounds: (1) by incorporating article 21.21, § 16 of the Insurance Code, section 4(a) of Board Order 18663, and the definition of an unfair claims settlement practice in article 21.21–2, § 2(d) of the Insurance Code; (2) *by incorporating arti-*

cle 21.21, § 16 of the Insurance Code, section 4(b) of Board Order 18663, and the determinations made by this court in Arnold and Aranda; and (3) by incorporating article 21.21, § 16 of the Insurance Code and section 17.46 of the DTPA.

*Vail,* 754 S.W.2d at 136 (emphasis added). Ground (2) of *Vail* is based upon section 4(b) of Order 18663, which prohibits conduct "determined pursuant by law" to be an unfair act or practice. 28 Tex.Admin Code § 21.3(b) (West 1993). *Vail* concluded that *Arnold* and *Aranda* [*v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988)] constituted such a determination, thus giving the Vails an art. 21.21 cause of action based on section 4(b). 754 S.W.2d at 135. Watson's claim is supported by ground (1) of *Vail,* which includes section 4(a) of Order 18663, prohibiting unfair practices as defined by *rules and regulations* of the State Board of Insurance. *See supra* at 151. Watson also alleges ground (3) of *Vail* in support of her claim. However, Watson's claim does not adopt ground (2) of *Vail,* the only portion citing *Arnold,* in support of her claim.

**154** ◼

reached today. In *Transport Ins. Co. v. Faircloth*, 861 S.W.2d 926 (Tex.App.—Beaumont 1993, writ requested), the court of appeals held that a third-party claimant had standing under art. 21.21 to sue an insurer based on both listed and unlisted violations of section 17.46 of the DTPA, and the unfair claim settlement practice definition contained in art. 21.21–2.

In what is only a rationalization for a decision that lacks any basis in law, the majority concludes that any third party cause of action under art. 21.21 would "undermine the insurer's duty to its insured imposed in *Vail* and *Arnold.*" 876 S.W.2d at 150. This contention is based upon the erroneous assumption that recognizing such a cause of action constitutes acknowledgment of inherently conflicting "concomitant and coextensive duties" to insureds and third parties. *Id.* at 150. The majority even goes so far as to speculate that such "potential for conflicting duties" *may* have provided a reason for the legislature's "refus[al] to provide a direct cause of action for third party claimants." 876 S.W.2d at 150. But art. 21.21 reflects no such "refusal"; its use of the phrase "any person" is not only a clear directive, but certainly thwarts any suggestion that the legislature recognized the majority's imagined conflict. How disingenuous to divine legislative intent from such judicial guesswork rather than to give effect to the plain wording of a legislative enactment.

Concluding that art. 21.21 requires an insurer to refrain from unfair settlement practices does not in any way preclude its serving the interests of the insured. Indeed, engaging in fair claims settlement practices would appear very much in the interest of the insured as well as the third party. While an insurer acting in good faith will be forced to consider carefully its actions from the perspectives of both the insured and the claimant, no duties need to be compromised. An insurer simply may not act in bad faith toward a claimant in fulfilling its duty to defend its insured.

An insurer may defend against third party claims yet still fulfill the duty to act in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear. Article 21.21 only demands conduct which we have long rightfully expected from insurance companies. There was no need here to "expand our holding in *Vail,*" 876 S.W.2d at 147; all the majority had to do was enforce a law protecting individuals from wrongdoing by the considerable power of large insurance companies. In *Vail* this Court declined an insurer's request to carve out of this comprehensive statute certain types of deception:

There is no provision in the DTPA or the Insurance Code that exempts insurers from liability for conduct relating to the handling of insurance claims.

*Vail* at 132. Unfortunately the majority creates just such an unwarranted exception—the deception here has not been limited to the insurer; it permeates today's opinion.

GAMMAGE, J., joins in this dissent.