CV3-512.banks 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00512-CV







Albert G. Banks, Appellant



v.



Texas Employers' Insurance Association, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 13,685, HONORABLE D. V. HAMMOND, JUDGE PRESIDING







PER CURIAM


 Albert Banks appeals from a take-nothing summary judgment denying his claims
that the Texas Employers' Insurance Association ("TEIA") mishandled his workers' compensation
claim. (1) We will affirm the judgment of the trial court.



BACKGROUND


 Banks hurt his shoulder while working for the Burnet Consolidated Independent
School District. He continued working until undergoing surgery in August 1987. He returned
to work in September 1987, but his supervisor told him to stay home until he fully recovered.

 Banks filed a claim for workers' compensation and medical benefits. BCISD was
self-insured through the Texas Association of School Boards' Workers' Compensation Self-Insurance Fund, which hired TEIA to adjust claims made against members of the Fund. The
Fund paid Banks's medical bills and began paying weekly disability benefits in October 1987. 
In July 1988, Dr. John Phillips, an independent doctor, examined Banks. Dr. Phillips found that,
though Banks's shoulder would never fully recover, he could return to his previous job.

 Banks stopped receiving payments in early November 1988. He underwent
additional surgery in December 1988. A handwritten note on a TEIA form letter indicates that
TEIA knew of the second surgery. The form contained different categories of claims and actions
with blanks to the left of the categories. Someone marked an X beside "Resume Compensation." 
The payments did not resume.

 Banks sued BCISD and TEIA for mishandling his compensation claim. He
contended that they knowingly and intentionally breached their duty of good faith and fair dealing. 
He contended that these actions constituted unfair and deceptive trade acts and practices. He
sought damages for intentional infliction of emotional distress as well as exemplary damages. He
alternatively sought actual and exemplary damages for negligent and grossly negligent conduct.



DISCUSSION


 TEIA moved for summary judgment on many grounds. The court granted the
motion for summary judgment, denying all requested relief without specifying its basis. Because
the court did not state the basis of the judgment, we must affirm if any of the bases of the motion
supports the judgment. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

 By his first point of error, Banks complains that the court erred by granting
summary judgment against his claim that TEIA violated a duty of good faith and fair dealing owed
to him. We review the record, taking all evidence favorable to the nonmovant as true and
construing every inference and doubt in his favor, to see if no genuine issue of material fact exists
and if the movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 TEIA argued that, because it issued no insurance policy to Banks, it had no duty
to use good faith and deal fairly with him. Workers' compensation carriers have a duty to act in
good faith and to deal fairly while processing compensation claims of covered employees. Aranda
v. Insurance Co. of N. Am., 748 S.W.2d 210, 212-13 (Tex. 1988). This duty arises out of the
contract. Id. at 212. The supreme court has recently held that, when a workers' compensation
carrier contracts with a firm to adjust claims made against the carrier, the adjusting firm owes no
duty of good faith and fair dealing to the claimant absent a special relationship between the
adjusting firm and the claimant. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 698 (Tex. 1994). 
In such cases, the carrier retains a nondelegable duty of good faith and fair dealing toward the
claimant and is liable for any action of the contracted adjusting firm that violates that duty. Id. 
The evidence in this case showed no special contractual relationship between TEIA and Banks. 
We overrule point one.

 By point of error two, Banks complains that the trial court erred by granting the
motion for summary judgment against his claims under the Deceptive Trade Practices
Act--Consumer Protection ("DTPA") and the insurance code. TEIA's motion included a ground
that, as a matter of law, the stoppage of payment did not violate any provision of the insurance
code or the DTPA. Since Banks filed his brief, the supreme court has clarified the rectitude of
the court's decision below. See Allstate Ins. Co. v. Watson, 876 S.W.2d 145, 147 (Tex. 1994). 
Watson sued Allstate under the insurance code for unfair claim settlement practices such as failing
to attempt in good faith to effectuate prompt settlement and denying or unreasonably delaying
payment of her claim. Watson, 876 S.W.2d at 146. The insurance code lists the practices that
constitute unfair methods of competition or unfair or deceptive acts or practices. Tex. Ins. Code
Ann. art. 21.21, § 4 (West Supp. 1995). The court held that the statute's list of prohibited acts
is an exclusive list because it lacks the prefatory phrase "includes, but is not limited to." Id. at
147. Because the list does not include unfair claims settlement practices like those Watson named,
they were not actionable under the insurance code. Id. Banks's complaints under the insurance
code are similarly excluded.

 The holdings in Watson also bar Banks's DTPA-related claims. The DTPA allows
consumers to maintain actions under the DTPA for acts or practices that violate article 21.21 of
the insurance code. Tex. Bus. & Com. Code Ann. § 17.50(a)(4) (West 1987) (DTPA). Banks's
failure to state a claim for violation of article 21.21 defeats any related action under DTPA section
17.50. The insurance code also allows a private cause of action for any act or practice prohibited
under the DTPA. Tex. Ins. Code Ann. art. 21.21, § 16; Tex. Bus. & Com. Code Ann. §
17.46(b). The supreme court held in Watson that, because unfair settlement practices are not
expressly prohibited by DTPA section 17.46, such claims are not actionable under insurance code
article 21.21. 876 S.W.2d at 149. Banks's claims do not lie under the DTPA. We overrule point
two.

 By point three, Banks contends that the court erred by ruling that the statute of
limitations barred his action. He argues that the evidence shows a genuine issue of material fact
as to whether the insurance code's discovery rule tolled the statute of limitations. See Tex. Ins.
Code Ann. art. 21.21, § 16(d) (West Supp. 1995). Our holding that Banks stated no valid claim
under the insurance code renders moot our consideration of the applicability of the statute of
limitations. We need discuss point three no further.



CONCLUSION


 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 16, 1995

Do Not Publish

1.   Banks also had claims against Burnet Consolidated Independent School District
rejected by the same summary judgment, but Banks does not complain about that action
on this appeal.