United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50946
Conference Calendar

_____

GLEN LEROY MARCHANT,

                                    Plaintiff-Appellant,

versus

AMERICAN EQUITY INSURANCE; RUIZ PROTECTIVE SERVICES;
ROBERTO FRANCISCO MARTINEZ,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-52
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

     Glen Leroy Marchant, appearing pro se, appeals the district

court's dismissal of his complaint for failure to state a claim

and as time-barred pursuant to FED. R. CIV. P. 12(b)(6).

According to Marchant, he was wrongfully arrested and suffered

physical and emotional injuries after security guards employed by

Ruiz Protective Services falsely alerted the El Paso Police

Department that he was carrying a gun at the El Paso Public

Library.  His pleadings in the district court asserted various

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal constitutional claims pursuant to 42 U.S.C. § 1983 as well as state tort law claims arising out of this incident. He also alleged that the library's insurer, American Equity Insurance Company, unreasonably refused to settle his claim. We review the district court's dismissal de novo, "taking the actual allegations of the complaint as true, and resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." Jones v. Alcoa, Inc., 339 F.3d 359, 362 (5th Cir. 2003).

Marchant's claims, both under § 1983 and under state law, were required to be filed within the applicable two-year limitations period. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2005). As Marchant filed his complaint more than two years after the incident that gave rise to his lawsuit, the district court properly dismissed his § 1983 and state tort claims as untimely. Thus, we need not reach the parties' arguments regarding whether the private actors involved could have been acting under color of state law for purposes of § 1983.

With respect to Marchant's claims against American Equity for its refusal to settle with him, Texas law does not recognize a cause of action by a third party for claims of unfair settlement practices. See Allstate Ins. Co. v. Watson, 876 S.W.2d 145, 149 (Tex. 1994). Thus, Marchant failed to state a

claim for which relief could be granted.  We do not address Marchant's theories under the Americans with Disabilities Act, the Education of the Handicapped Act, or the Public Health and Welfare Equal Opportunities Act, because Marchant did not assert them in the district court.  See Priester v. Lowndes County, 354 F.3d 414, 424 (5th Cir. 2004).

For the foregoing reasons, the judgment of the district court is AFFIRMED.