# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00477-CV

**Cynthia Ulett Lynch, Appellant**

**v.**

**State Farm Mutual Automobile Insurance Company, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT**
**NO. 07-637-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Cynthia Ulett Lynch appeals pro se from the trial court's order granting summary judgment in favor of appellee State Farm Mutual Automobile Insurance Company. Lynch sued State Farm for damages arising out of an automobile accident in which a vehicle driven by a State Farm insured allegedly struck Lynch while she was walking in a parking lot. State Farm filed a motion for summary judgment contending that Lynch had no direct cause of action against State Farm based on the alleged actions of its insured absent a judgment against its insured and that her claims were barred by res judicata and the applicable statute of limitations. Because we conclude that Lynch's claims are barred by res judicata, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Lynch alleges that on or about May 10, 2002, while she was walking through a parking lot, she suffered personal injuries after being struck by a vehicle driven by Cecil Vannoy and

owned by Dolores Pritchard. At the time of the incident, Pritchard was insured by State Farm under a personal automobile liability insurance policy. On May 7, 2004, Lynch filed suit in Bell County against Vannoy and Pritchard alleging that the negligence of Vannoy and Pritchard proximately caused her personal injuries ("the Bell County suit"). Soon after filing the Bell County suit, Lynch filed an amended petition and a motion requesting substituted service on Vannoy and Pritchard by publication, based on her inability to locate either defendant. While the motion for substituted service was pending,[1] Lynch's attorney withdrew. Lynch proceeded pro se and filed a second amended petition on August 28, 2006, adding State Farm as a defendant. Lynch alleged that State Farm was liable for her personal injuries because it was Pritchard's insurer at the time of the accident.

State Farm filed a motion for summary judgment contending that Lynch had no direct cause of action against State Farm based on the alleged actions of its insured absent a judgment against its insured. The trial court granted State Farm's motion for summary judgment. Lynch's claims against State Farm were then severed from the remainder of the action, and the order granting summary judgment in the Bell County suit became final.

Approximately six months after the Bell County judgment became final, Lynch filed a second suit against State Farm in Williamson County ("the Williamson County suit"). In the Williamson County suit, Lynch asserted various causes of action, including breach of contract and fraud, all arising out of the alleged automobile accident in 2002 and based on State Farm's alleged refusal to honor the insurance policy of Pritchard. State Farm filed a motion for summary

---

[1] The record does not reflect that the motion was ever granted.

2

judgment on the grounds that Lynch had no direct cause of action against State Farm based on the alleged actions of its insured absent a judgment against its insured and that her claims were barred by res judicata and the applicable statute of limitations. The trial court granted State Farm's motion for summary judgment, without specifying the grounds for its decision, and this appeal followed.

## ANALYSIS

On appeal, Lynch contends that the trial court erred in granting State Farm's motion for summary judgment. We review the trial court's decision to grant summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). When the trial court does not specify the grounds on which the summary judgment was granted, as in this case, we must affirm if any of the grounds specified in the motion have merit. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

One of the grounds State Farm asserted in its motion for summary judgment is that Lynch's claims are barred by res judicata. Res judicata prevents the relitigation of claims that have been, or could have been, finally adjudicated in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). A lawsuit is barred if it arises out of the same subject matter as a previous suit and, through the exercise of due diligence, the issues raised could have been litigated in the prior suit. *Id.* at 631. A plaintiff's claims are barred by res judicata if: (1) there is a prior final judgment on the merits by a court of competent jurisdiction, (2) the parties in the two actions are

3

identical or in privity with the prior parties, and (3) the claims in the second action are based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

In this case, all three elements of res judicata have been met. The same parties are involved in both the Bell County suit and the Williamson County suit. In the Bell County suit, the trial court issued an order granting State Farm's motion for summary judgment, disposing of all of Lynch's claims against State Farm and severing those claims from the remainder of the action so that the order became final. In addition, Lynch raised the same claims in both the prior suit and this action. The Bell County suit involved Lynch's claims against State Farm for personal injury damages caused by the negligence of State Farm's insured and arising out of the 2002 automobile accident with Vannoy. In the Williamson County suit, Lynch sought the same damages for the same personal injuries arising out of the same subject matter, the 2002 automobile accident with Vannoy. Further, Lynch alleged the same theory of recovery as in the Bell County suit—that State Farm is liable for her alleged damages because State Farm was the insurer of Pritchard, the owner of the vehicle, which was driven by Vannoy.

Although Lynch's pleading in this case adds causes of action for "Breach of Contract" and "Fraud," the pleading contains no facts to support these causes of action. Rather, construed as a whole, Lynch's pleading states a negligence cause of action and seeks damages for personal injuries resulting from the negligent acts of State Farm's insured, for which she contends State Farm is liable. This is the same cause of action she urged in the Bell County suit. Even if we were to construe Lynch's purported claims for "Breach of Contract" and "Fraud" as new and different claims

4

from those asserted in the prior action, they nevertheless arose from the same incident and were or could have been litigated in the prior action. *See Amstadt*, 919 S.W.2d at 652. We therefore conclude that Lynch's claims are barred by res judicata,[2] *see id.*, and the trial court properly granted summary judgment in favor of State Farm.[3]

## CONCLUSION

Having concluded that summary judgment was proper on at least one of the grounds asserted by State Farm in its motion for summary judgment, we affirm the trial court's order.[4]

---

[2] State Farm once again contends that summary judgment was proper because Lynch had no direct cause of action against State Farm based on the alleged actions of its insured absent a judgment against its insured. The law is clear that a third-party claimant has no direct cause of action against an automobile liability insurer until the claimant has obtained a final judgment against the insured. *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 150 (Tex. 1994). Because Lynch has not obtained a judgment against Pritchard, she has no direct cause of action against State Farm. *See id.*

[3] As yet another alternative basis for summary judgment, State Farm urged that Lynch's claims were barred by the statute of limitations. The statute of limitations for a negligence action is two years from the date the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. §16.003(a) (West Supp. 2010); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam). A cause of action for negligence accrues on the date the negligent, injury-producing act is committed. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). Lynch's cause of action for personal injuries arising out of the negligence of State Farm's insured thus accrued on the date of the automobile accident, May 10, 2002. *See id.* Because Lynch did not file this action until July 31, 2007, more than five years later, it is time-barred. The trial court's summary judgment is therefore supported by all of the grounds State Farm asserted in its motion.

[4] State Farm has filed a motion to strike the appendix to Lynch's brief which is pending before this Court. We deny the motion as moot.

_____

Melissa Goodwin, Justice


Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   June 2, 2011

6