Barry F













 

 

COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 

 


 
 
 Barry F. Miller and Maria J. Miller,
  
                            
 Appellants,
  
 v.
  
 LandAmerica
 Lawyers Title of El Paso,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-10-00045-CV
  
 Appeal from the
  
 120th
 District Court
  
 of El
 Paso County, Texas 
  
 (TC# 2007-2515) 
  
 
 


 

 

O
P I N I O N

            Barry
F. Miller and Maria J. Miller appeal a summary judgment granted to LandAmerica
Lawyers Title of El Paso.  In two issues for
review, they urge that there are material fact issues regarding their action for
negligent misrepresentation and regarding their action for deceptive trade
practices.  We affirm.

Facts

            In 2006, the Millers purchased land
in El Paso County, Texas on which to build a home.  The closing on the land purchase took place
at Lawyers Title, and as part of that process Lawyers Title provided the
Millers with a title insurance policy.  Lawyers
Title also provided the Millers with a survey plat prepared by Andres E. Telles
d/b/a Atcon Engineering and Surveying. 
The Millers initialed the survey at closing to indicate they had
received a copy.  The survey was done at
the request of the Millers’ builder, Bella Vista Custom Homes.  Lawyers Title made no independent statements
regarding the survey or the easements reflected in it.  The survey was not accurate.  It showed a single 15-foot easement at the
rear of the property, when in reality there were two easements, a 10-foot
utility easement and a 20-foot drainage easement, totaling 30 feet of easements
at the back of the property.  The survey
states on its face that it was done without the benefit of a title
commitment.  In contrast, Lawyers Title
issued its commitment for title insurance policy on the property with exceptions
from coverage for, among other things:

Matters set forth on
the subdivision plat, including but not limited to building set back lines,
easements for public utilities, and easements for buried service wires, conduits
etc., with the right to ingress and egress for service, shown on the recorded
plat of said addition in Volume 80, Page 84, Real Property Records, El Paso
County, Texas.  Said easements being ten
feet in width along the front of all of subject property; and a drainage easement twenty feet in width along the rear and a
utility easement ten feet in width along the rear of subject property. (Emphasis
added).

 

The Texas
Residential Owner Policy of Title Insurance issued by Lawyers Title contained
an exception to coverage in identical language. 
Thus, the Atcon survey conflicted with Lawyers Title’s title commitment
and insurance policy. 

            The Millers constructed a pool, deck
and spa on the property, relying upon the Atcon survey in planning the
layout.  The pool deck actually
encroached upon even the 15-foot erroneous easement, but that section was
constructed so it could be cut off without damage to the remaining structures
in the event an issue arose.  The Millers
also discovered a 48” pipe running through their backyard, the purpose of which
was unknown to them, before they closed on the land.  In 2007, Paseo Del Este Municipal District
No. 10 of El Paso County sent the Millers notice that their pool area
encroached on the 20-foot drainage easement, and demanded that the encroaching
structures be removed.  The Millers
contacted their lender regarding this demand, and were then provided with a
second survey plat which correctly showed the 10-foot utility and 20-foot
drainage easements.

            The Utility District filed suit
against the Millers, the owner of their subdivision and their builder.  Various actions and cross-actions were filed,
including the Millers’ causes of action against Lawyers Title for negligent
misrepresentation and deceptive trade practices.  Lawyers Title filed traditional motions for summary
judgment on both causes of actions, arguing that it was not liable for
negligent misrepresentation because:

1.     
it did not make any affirmative representations to the
Millers about the survey;

 

2.     
it did not supply the Millers with false information
because it did not prepare the survey;

 

3.     
the Millers had actually built their pool area so that
it encroached on the 15-foot easement shown on the erroneous survey, and thus
they did not use the survey for guidance;

 

4.     
the Millers did not reasonably rely on the survey
because they discovered an underground pipeline but did not investigate it;

 

5.     
the commitment and the title policy accurately described
the easements in  contradiction to the easements
as described in the survey;

 

6.     
there is a valid existing contract between Lawyers
Title and the Millers, therefore negligent misrepresentation is not available
as a cause of action; and

 

7.     
the terms and conditions of the title policy clearly
except damages resulting from the utility and drainage easements.

 

As to deceptive trade practices,
Lawyers Title argued it was not liable because:

 

1.     
it did not make representations about the survey;

 

2.     
the Millers did not request the survey for the purpose
of building the pool;

 

3.     
the Millers had actually built their pool area so that
it encroached on the 15-foot easement shown on the erroneous survey, and thus
they did not use the survey for guidance;

 

4.     
the Millers did not reasonably rely on the survey
because they discovered an underground pipeline when building the pool but did
not investigate it;

 

5.     
Lawyers Title did not prepare the survey or incorporate
the survey into the title policy and was not responsible under the Texas
Business and Commerce Code § 17.506(a)(2).

 

The Millers
responded that there were material issues precluding summary judgment because:

1.     
Lawyers Title made an affirmative representation when
it requested and obtained an incorrect survey that it presented to the Millers
at closing and which it incorporated by reference into the title policy;

 

2.     
negligent misrepresentation occurs when the defendant
does not use reasonable care in obtaining or communicating information to the
plaintiff and there is no requirement that the defendant create the
misrepresentation;

 

3.     
the Millers specifically relied on the survey in
building the pool area because the deck was constructed such that the
encroaching section could be cut off without damage to the remaining structure;

 

4.     
it was a fact question whether the Millers’ reliance on
the survey was reasonable after they discovered the underground pipe.

 

In May 2009, the
trial court entered its order granting LandAmerica Lawyers Title of El Paso its
motion for summary judgment.  Following a
trial on the merits and rulings on various motions, settlement was reached on
all claims except those between the Millers and Lawyers Title.  This appeal follows.

Standard of Review

            The trial court’s granting of
summary judgment is reviewed by the appellate court de novo.  We view all
evidence in the light most favorable to the nonmovant, indulge every reasonable
inference in nonmovant’s favor and resolve doubts in the nonmovant’s
favor.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  A defendant who conclusively
negates at least one of the essential elements of a cause of action is entitled
to summary judgment.  Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).

Negligent misrepresentation

            The elements of a cause of action
for negligent misrepresentation are:

1.     
defendant made a representation to the plaintiff in the
course of defendant’s business or in a transaction in which the defendant had
an interest;

 

2.     
defendant supplied false information for the guidance
of others;

 

3.     
defendant did not exercise reasonable care or
competence in obtaining or communicating the information;

 

4.     
plaintiff justifiably relied on the representation;

 

5.     
defendant’s negligent misrepresentation proximately
caused the plaintiff’s injury.

 

McCamish, Martin, Brown & Loeffler v.
F.E. Appling Interests, 991 S.W.2d 787, 791 (Tex. 1999).  The tort of negligent misrepresentation
frequently involves a defendant’s statement that a contract exists, upon which
plaintiff relies, only to later discover that the contract has been rejected or
was never completed.  Thus, negligent
misrepresentation is a cause of action recognized in lieu of breach of contract
and is not usually available where a contract was actually in force between the
parties.  Airborne Freight Corp. v. C.R. Lee Enter., Inc., 847 S.W.2d 289,
295 (Tex.App.—El Paso 1992, writ denied). 
We note as a threshold matter that a valid contract of title insurance
does exist between the Millers and Lawyers Title, and thus its application in
lieu of a breach of contract claim is questionable for that reason.  We need not reach this issue, however, as we
believe the evidence conclusively established the lack of any misrepresentation
by Lawyers Title regarding the survey or its depiction of the relevant
easements.

            Simply put, it is the Millers’
position that the title company affirmatively misrepresented the extent and
location of easements by delivering the incorrect survey to them during
closing.  They claim that the survey
itself was the misrepresentation.  They
acknowledge that generally a title company does not have a duty to discover or
disclose information, but argue that by providing the survey to the Millers at
closing, Lawyers Title assumed responsibility for its contents.  See
First Title Co. of Waco v. Garrett, 860 S.W.2d 74, 76 (Tex. 1993); Cook Consultants, Inc. v. Larson, 700
S.W.2d 231, 235 (Tex.App.—Dallas 1985, writ ref’d n.r.e.).

This
argument fails.  First, it does not
account for the fact that Lawyers Title correctly described the easement in its
own title commitment and insurance policy.  The Millers urge that the contradictory
easement descriptions do not establish the lack of misrepresentation, but
rather serve to show that Lawyers Title did not use reasonable care in
obtaining or communicating the survey information to the Millers.  We disagree. 
If anyone did not show reasonable care when faced with contradictory
information on the easements, it had to be the Millers.  Indeed, Mr. Miller testified that he had
never read the exceptions contained in the commitment and title policy,
although there is no doubt he received them. 
We find that the title company made two, and only two representations
regarding the easements at the rear of the Millers’ property.   Those representations were consistent with
each other and they were correct, describing “a drainage easement twenty feet
in width along the rear and a utility easement ten feet in width along the rear
of subject property.”  Although the
property closing did include a review of all title documents, lien documents,
and the survey, the summary judgment evidence conclusively established that the
title company did not order the survey, participate in preparing the survey, or
otherwise vouch for its accuracy.  We
find that merely giving buyers a copy of a survey does not rise to the level of
an affirmative misrepresentation, particularly where that survey is contracted
by the representations actually made by Lawyers Title.  We therefore find that an essential element
of the negligent misrepresentation cause of action fails as a matter of
law.  The Millers’ first issue on appeal
is overruled.








Deceptive trade practices

            The
Millers’ second issue on appeal urges that the trial court erred in granting
summary judgment on their deceptive trade practice claim against Lawyers
Title.  For the same reasons set up
above, we find that summary judgment was appropriate on this cause of action.

            The elements of a claim under the
Texas Deceptive Trade Practices Act are:

1.     
defendant engaged in an act or practice that violated
section 17.46(b) of the Texas Business and Commerce Code;

 

2.     
plaintiff relied on the act or practice to his or her
detriment;

 

3.     
defendant’s act or practice was a producing cause of
actual damages.

 

Allstate Ins. Co. v. Watson, 876 S.W.2d
145, 147 (Tex. 1994).  Here, the only act
or practice which could support the DTPA action is the delivery of the faulty
survey.  As discussed above, however,
Lawyers Title did not prepare, request, incorporate or vouch for the survey,
nor is there any evidence that it did anything to give that impression to the
Millers.  It simply gave the Millers a
copy of the survey, prepared by Atcon at the request of Bella Vista Homes, as
part of the closing process.  Moreover,
as previously discussed, Lawyers Title’s undertakings twice set out the correct
information about the easements, which contradicted those of the Atcon survey.[1]  There was simply no misrepresentation upon
which a DTPA action can be based.  For
this reason, we overrule the Millers’ second issue on appeal.

Conclusion

            The trial court’s grant of summary
judgment in favor of LandAmerica Lawyers Title of El Paso is affirmed.

 






SUSAN LARSEN,
Justice (Senior)

March 7, 2012

 

Before McClure, C.J., Larsen, J., (Senior), and Chew, C.J.,
(Senior)

Chew, C.J., (Senior), sitting by assignment

Larsen, J., (Senior) sitting by assignment

 











[1]  We note also that the Millers chose not to rely on Lawyers Title’s
representations regarding the easements. 
They did not even read them. 
Instead they relied upon the erroneous survey in planning their backyard
construction.  Thus the second element of
a DTPA action is defeated under these facts, as well.