**Affirmed and Opinion filed July 12, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00602-CV

---

### CHRISTINE E. REULE, Appellant

### V.

### COLONY INSURANCE COMPANY, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2007-46357A**

---

## O P I N I O N

In thirteen issues, Christine E. Reule argues the trial court erred by granting Colony Insurance Company's motion for summary judgment disposing of all of Reule's claims. We affirm.

### I. BACKGROUND

In 1999, Reule purchased a unit in the Sherwood Valley I condominiums. All unit owners were members of the Sherwood Valley I Council of Co-Owners

("SVI"). As discussed below, SVI purchased a commercial general liability policy from Colony ("the Policy").

According to Reule's pleadings, SVI has for years acted against her in an effort to cause her to move. Among other claims, Reule accuses SVI of

- failing to address a rodent problem,
- harassment and discrimination against her because she is female, disabled, and a single parent,
- retaliation because she complained about certain infractions,
- denying her voting rights and information during meetings,
- denying her access to services and facilities at SVI,
- fraudulently accusing her of not paying dues and then attempting to foreclose on her unit, and
- defaming her.

Reule also accuses an SVI board member of assault. Since 2003, Reule has filed a series of suits in state and federal courts against SVI, board members, various other individuals and entities connected to SVI, judges, and Colony, making similar allegations as brought in this suit. Apparently, Reule's claims in these suits have been dismissed without prejudice.

Presently, Reule is the president of SVI and has dismissed her claims against, or settled with, all defendants, including SVI,[1] except the current suit against Colony in Harris County district court. In this suit, Reule sues Colony for claims based on the following:

(1) Texas Insurance Code;
(2) breach of the duty of good faith and fair dealing;
(3) fiduciary duty;

---

[1] In the present litigation, SVI initially sued Reule for unpaid dues and foreclosure of liens against her unit, and Reule counterclaimed. These claims have been resolved.

(4) Texas Deceptive Trade Practices Act ("DTPA");

(5) fraud and fraudulent concealment;

(6) Federal and Texas Fair Housing Acts;

(7) Federal and Texas Fair Debt Collections Acts;

(8) Federal Civil Rights Act;

(9) Federal Racketeer Influenced and Corrupt Organizations Act ("RICO");

(10) negligence, negligent misrepresentation, and intentional infliction of emotional distress;[2]

(11) breach of contract;

(12) slander and libel; and

(13) civil conspiracy.

Colony filed a hybrid motion for summary judgment including traditional and no-evidence grounds. Reule filed a response,[3] and both parties were granted leave to file supplemental pleadings. The trial court granted Colony's motion for summary judgment without specifying on what grounds, rendering a final judgment.

## II.  STANDARD OF REVIEW: SUMMARY JUDGMENT

We review summary judgments *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004). When the trial court grants summary judgment without specifying on what grounds, we will affirm if any of the grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). For both traditional and no-evidence motions

---

[2] The trial court's summary judgment included disposition of Reule's claims for negligent misrepresentation and intentional infliction of emotional distress. We summarily uphold judgment as to these claims because Reule does not mention them in her brief.

[3] In her fifth issue, Reule argues the trial court erred by striking her summary-judgment response. We overrule this issue because our record indicates the trial court did not strike Reule's response.

for summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Joe*, 145 S.W.3d at 157.

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to present evidence raising a material fact issue. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

After adequate time for discovery, a party may move for summary judgment on the ground there is no evidence of one or more essential elements of a claim on which an adverse party has the burden of proof. Tex. R. Civ. P. 166a(i); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The movant must state the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). Unless the nonmovant produces summary-judgment evidence raising a genuine issue of material fact on the challenged elements, the trial court must grant the motion. *Id.*; *Urena*, 162 S.W.3d at 550.

### III. NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

We begin by considering those portions of Reule's eighth through thirteenth issues pertaining to Colony's no-evidence motion for summary judgment.

### A. Trial Court Considered No-Evidence Motion for Summary Judgment

Reule initially contends the trial court considered only Colony's traditional grounds for summary judgment, pointing out that the trial court signed an order on March 11, 2011 continuing consideration of the no-evidence grounds, and another

4

order on March 23, 2011 in which the court reiterated that consideration of the no-evidence grounds had been continued. Additionally, Reule points to a March 11, 2011 hearing during which the trial court expressed it was continuing the no-evidence portion of the motion.

Nevertheless, in its April 6, 2011 summary judgment, the trial court indicated it considered and granted Colony's "TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT." Thus, by the plain, unambiguous language of the judgment, the trial court granted summary judgment based on both traditional and no-evidence grounds. *See Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003) (holding court must give effect to unambiguous language of judgment even if such judgment is wrong under the law); *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied) ("If the judgment is plain and unambiguous, extrinsic matters may not be considered in order to give the decree a different effect from that expressed by the literal meaning of the words used therein."); *Wagoner v. Rainbow Grp., Ltd.*, No. 03-03-00478-CV, 2004 WL 1685831, at *5 (Tex. App.—Austin July 29, 2004, pet. denied) (mem. op.) ("We refuse to read the terms of an interlocutory order to contradict the unambiguous terms of a final judgment."); *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 495 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("If a judgment is unambiguous with no room for interpretation, it is our duty to declare its effect in light of the literal language used.").[4]

## B.  Adequate Time for Discovery

Next, Reule argues the trial court erred by determining an adequate time for discovery had passed as to allow consideration of the no-evidence grounds.

---

[4] Nothing in the record shows that Reule requested the trial court to correct any asserted error in the summary-judgment order's recitation of the grounds considered and granted.

We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse of discretion standard. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In considering whether the trial court permitted an adequate time for discovery, we consider (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *Id.* A party claiming inadequate time for discovery must file an affidavit explaining the need for further discovery or a verified motion for continuance. *Green v. City of Friendswood*, 22 S.W.3d 588, 594 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Reule filed her original petition on July 15, 2008, alleging many of the same claims against Colony as in her third-amended petition. Colony filed its motion for summary judgment on February 1, 2011. Reule responded to the motion—to both the traditional and no-evidence grounds—on March 9, 2011. The trial court then continued the no-evidence grounds on March 11, 2011, but, according to the plain language of the final summary judgment, ultimately decided to consider these grounds.

Without citation to the record, Reule asserts in her brief:

The case before this court was severed from the original proceeding. Under the original proceeding there was a docket control order. However, there was not one issued in the severed case until such time [as Reule] brought it to the [trial] court's attention. At that time, the discovery deadline from the original proceeding had expired. Rather than issue a new docket control order under the severed case, the clerk

6

of the court transferred the docket order from the original case to this case with the expired deadline.

. . .

Colony is in possession of documents, which establish facts vital to [Reule's] claims, and refuses to produce those documents. This last point is also detrimental to Colony's motion, given that there has not been adequate time for discovery since [Reule] was not given fair notice of the Docket Control Order, which was filed under the original proceeding; and there is no order of which [Reule] is aware lifting the abatement in the severed case[.]

The record does not contain a docket control order, abatement order, or motions or orders regarding lifting abatement and reinstating the case.[5] Thus, we do not know how much time Reule had to conduct discovery during the two-and-a-half-year period from when she initially sued Colony until Colony filed its motion for summary judgment. Without more information, we decline to hold the trial court abused its discretion by determining an adequate time for discovery had passed.[6]

## C. Colony's No-Evidence Grounds

In its motion for summary judgment, Colony argued there is no evidence to support the elements of Reule's claims based on (1) fraud and fraudulent concealment, (2) Texas Fair Housing Act, (3) Federal and Texas Fair Debt Collections Acts, (4) Federal Civil Rights Act, (5) RICO, (6) negligence, (7) breach of contract, (8) libel and slander, (9) DTPA, and (10) fiduciary duty.

Colony correctly argues that Reule does not challenge on appeal the no-evidence grounds relative to her claims for libel and slander and based on the

---

[5] We note that during a hearing regarding the parties' discovery dispute, the trial court explained its docket control orders generally set deadlines only for dispositive motions, not discovery.

[6] Additionally, to the extent the trial court denied Reule's motion to compel discovery, it was within the trial court's province to determine adequate time for discovery had passed. Thus, we overrule Reule's first through fourth issues in which she essentially argues the trial court erred by not compelling Colony to respond to her discovery requests.

Federal and Texas Fair Debt Collections Acts. If an appellant fails to negate each ground on which summary judgment may have been rendered for any claim, we must uphold the summary judgment as to that claim. *Lundstrom v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 85 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Accordingly, we uphold summary judgment regarding these claims.

Regarding Colony's no-evidence challenge to Reule's claims for violations of DTPA, RICO, Civil Rights Act, and Texas Fair Housing Act, Reule failed to address in her response, let alone present evidence raising a fact issue regarding, one or more elements for each of these claims. Regarding Colony's no-evidence challenge to Reule's claims for fraud and fraudulent concealment, negligence, breach of contract, and breach of fiduciary duty,[7] Reule asserted facts regarding Colony's alleged improper acts and misrepresentations, but did not specifically present evidence to support these facts. Aside from referring to the Policy and SVI's by-laws, the only evidentiary support Reule provided was a general reference to SVI's response to Colony's separate motion for summary judgment, which she argued contained evidence demonstrating Colony conspired with other defendants to conceal information and legal advice from SVI. However, Reule does not explain why Colony's alleged withholding of information from SVI demonstrates that she has claims against Colony in her individual capacity. Thus, the trial court did not err by granting no-evidence summary judgment against Reule on these claims. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("In response to a no-evidence ground for summary judgment, the nonmovants need not marshal their

---

[7] Furthermore, Reule contends she had a contractual relationship with Colony via the Policy but does not cite relevant authorities supporting why this gave rise to a fiduciary relationship. Thus, Reule's appellate issue regarding her claim for breach of fiduciary duty is waived. *See* Tex. R. App. P. 38.1(i); *I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 479 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

proof; however, their summary-judgment response needs to point out evidence that raises a genuine issue of fact as to the challenged elements.").

We overrule those portions of Reule's eighth through thirteenth issues pertaining to Colony's no-evidence motion for summary judgment. In the no-evidence portion of its motion, Colony did not challenge Reule's claims based on the Insurance Code, duty of good faith and fair dealing, Federal Fair Housing Act, and conspiracy. We address these claims in following sections.

## IV. REULE'S STATUS AS THIRD-PARTY CLAIMANT

We next consider Reule's sixth issue, in which she argues the trial court erred by determining she is a third-party claimant to whom Colony does not owe certain duties under the Insurance Code and common law.

## A. Reule's Affidavit Not Part of Summary-Judgment Record

Reule contends summary judgment was improper because a fact issue exists on whether Colony presented the correct insurance policy with its motion. Reule averred in what appears to be an affidavit, "The policy that Colony has attached to their motion . . . is not the same policy as SVI has in [its] file." Reule argues Colony fabricated this insurance policy in an attempt to deceive the court and take advantage of Reule.

We conclude Reule's affidavit was not part of the summary-judgment evidence considered by the trial court. Colony filed its motion for summary judgment on February 1, 2011, and Reule responded on March 9, 2011. On March 23, 2011, the trial court heard Colony's traditional motion. On the same day, the trial court granted Reule and Colony leave to file supplemental pleadings as follows:

9

> [T]his Court **GRANTS** [Reule's] request for additional time to file a supplemental response to [Colony's] Motion for Summary Judgment <u>on the limited issue of addressing contrary case law to [Colony's] case law on the issue of the third party status based on [Colony's] cited case of *Rumley v. Allstate Indemnity Co[.]*</u> [This Court] **GRANTS** [Reule] until March 31, 2011 to file any such Supplemental Response and [Colony] shall have the right to reply to this Supplemental Response by April 4, 2011.

(underlining added). On March 31, 2011, Reule filed a memorandum regarding certain caselaw. However, she also filed her affidavit, to which she attached several exhibits. In its April 4, 2011 reply, Colony argued the trial court should not consider Reule's affidavit because it was not within the limited scope of the trial court's leave to file supplemental pleadings. In its summary judgment, the trial court expressed that it considered "the Motions, *[the] timely response(s) to said Motion, if any*, the replies, and the oral argument of counsel, if any." (emphasis added).

Because Reule's affidavit was not within the scope of the trial court's leave to file supplemental pleadings, and was therefore untimely, we conclude the trial court did not consider the affidavit. *See* Tex. R. Civ. P. 166a(c) (providing that, except on leave of court, a summary-judgment response must be filed no later than seven days before hearing date); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("Where nothing appears in the record to indicate that late-filed summary judgment evidence was filed with leave of court, we presume that the trial court did not consider it."). Accordingly, Reule did not raise a fact issue relative to whether the insurance policy presented by Colony was fraudulent.[8]

---

[8] Additionally, Reule argues the Policy presented by Colony was not properly authenticated. However, Reule waived this issue by not receiving a ruling from the trial court on her objection. *See Commint Technical Servs., Inc. v. Quickel*, 314 S.W.3d 646, 651 (Tex.

10

**B. Claims Based on Insurance Code and Duty of Good Faith and Fair Dealing**

In its motion for summary judgment, Colony challenged Reule's claims based on the Insurance Code and the common-law duty of good faith and fair dealing by arguing Reule could not bring such claims because she was a third-party claimant.

It is well-settled that a third-party claimant cannot enforce an insurance policy directly against an insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party. *See Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam); *United Fire Lloyds v. Tippin ex rel. Tippin*, 396 S.W.3d 733, 736 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In her brief, Reule relies on sections 541.060 and 542.051 of the Texas Insurance Code and the duty of good faith and fair dealing when addressing this portion of Colony's motion for summary judgment.[9] A third-party claimant asserting claims against the insured of a liability policy does not have standing to bring claims against the liability insurer for violations of sections 541.060 and 542.051. *See* Tex. Ins. Code Ann. § 541.060(b) (West 2009) ("[541.060(a)] does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy."); *id.* § 542.051(2) (West 2009) (defining "Claim" as first-party claim brought by an insured or beneficiary for proceeds paid directly to the insured or beneficiary); *see also Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 220–21 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (explaining third parties lack standing to bring claims under predecessor to section 541.060). Similarly, a

---

App.—Houston [14th Dist.] 2010, no pet.).

[9] In her third-amended petition, Reule cited other sections of the Insurance Code. Because she cites only sections 541.060 and 542.051 on appeal, we consider only these sections in addressing her issue.

third-party claimant lacks standing to sue an insurer for breach of the duty of good faith and fair dealing. *Tamez v. Certain Underwriters at Lloyd's, Inc.*, 999 S.W.2d 12, 21–22 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Reule asserts several reasons why she is not a third-party claimant but a first-party claimant under the Policy:

- SVI's documents and by-laws indicate that each condominium owner is automatically a member of SVI, and SVI is a named insured under the Policy.[10]

- The Policy contains a section defining "insured" as "[a]ny person (other than your 'employee'), or any organization while acting as your real estate manager."[11]

- Section 81.205 of the Texas Property Code provides: "[T]he council of owners may acquire the insurance it deems appropriate for the protection of the buildings and the apartment owners," and "Each apartment owner and mortgagee of an apartment owner is a beneficiary of the policy, whether named as a beneficiary or not, in proportion to the interest of an apartment owner in the condominium regime as established by the declaration." Tex. Prop. Code Ann. § 81.205(a)–(b) (West 2007).

However, even if these arguments prove that Reule is a named insured, additional insured, or beneficiary of the Policy, we must examine the Policy to determine the type of coverage Colony provided to Reule. Under the Policy, Colony provided commercial general liability coverage that covered an insured when the insured injured another person or property. Colony did not provide

---

[10] SVI's by-laws are not included in our record. Nevertheless, for purposes of our analysis, we assume the by-laws indicate that all condominium owners are automatically members of SVI. We further note that, although SVI's internal by-laws may create duties between SVI and its individual members, they are not automatically binding on Colony.

[11] Reule interprets this language to mean any person who is not an employee of SVI is an insured under the Policy, including her. However, the obvious meaning of this particular definition is that any non-employee person *who is acting as SVI's real estate manager* is an insured under the Policy. It would be unreasonable to interpret this language to mean every non-employee of SVI is an insured.

12

coverage to the insured for the insured's own personal injuries or property damage.[12]

Nevertheless, Reule argues that, regardless of whether the Policy provided only liability coverage, her status as an insured under the Policy and her payments of premiums entitled her to first-party status. According to Reule, these facts mean she is not a third-party stranger to the policy but a first-party to whom Colony owed responsibilities under sections 541.060 and 542.051 and the duty of good faith and fair dealing. Reule largely supports her position with *Allstate Insurance Co. v. Watson*, 876 S.W.2d 145 (Tex. 1994).

In *Watson*, the Supreme Court of Texas determined a third-party claimant could not bring claims for unfair claim settlement practices under former article 21.21 of the Insurance Code[13] against the tortfeasor's insurer:

> Were we to extend to third party claimants the same duties insurers owe to their insureds, insurers would be faced with owing coextensive and conflicting duties. An insurer owes to its insured a duty to defend the insured against the claims asserted by a third party. Recognizing concomitant and coextensive duties under art. 21.21 to third party claimants, parties adverse to the insured, necessarily compromises the duties the insurer owes to its insured. In fact, the logical result of

---

[12] The Policy also contained a "no action" provision:

No person or organization has a right under this Coverage Part:

a.  To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.  To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. . . .

[13] Former article 21.21 was the predecessor to most of the sections in current chapter 541, including section 541.060. Former article 21.55 was the predecessor to section 542.051.

permitting a separate and direct cause of action in favor of third party claimants allows third parties to sue for unfair claim settlement practices even though the insured has no claim for an unfair claim settlement practice.

*Id.* at 149–50 (emphasis removed). The court explained,

A third party claimant has no contract with the insurer or the insured, *has not paid any premiums, has no legal relationship to the insurer or special relationship of trust with the insurer*, and in short, has no basis upon which to expect or demand the benefit of the extra-contractual obligations imposed on insurers under art. 21.21 with regard to their insureds.

*Id.* at 149 (emphasis added). Reule relies on this language, contending she has a basis to expect and demand duties from Colony because she paid premiums for the Policy. However, in *Rumley v. Allstate Indemnity Co.*, the Beaumont Court of Appeals rejected this contention. 924 S.W.2d 448 (Tex. App.—Beaumont 1996, no writ).

The *Rumley* court considered whether a party who was a premium-paying insured under an insurance policy was in a first-party posture when she sued another insured under the liability provision of the policy. Wife and husband were both insured under a policy which provided liability and personal-injury protection. *Id.* at 448. They were riding together in a vehicle when husband crashed, injuring wife. *Id.* The insurer paid personal-injury benefits to wife but refused to pay liability benefits to her. *Id.* Wife sued the insurer for violations of the duty of good faith and fair dealing, certain sections of former article 21.21, and the DTPA. *Id.* at 449. The insurer eventually settled wife's claim against husband and then moved for summary judgment on wife's claims against insurer, arguing she was a third-party claimant to whom the insurer did not owe the alleged duties. *Id.* The trial court granted summary judgment. *Id.*

14

Relying on *Watson*, the court of appeals recognized that third-party claimants cannot sue insurers for unfair claim settlement practices. *Id.* The court then explained why wife's connection to the policy did not transform her third-party claim into a first-party claim:

> [Wife] was named as an insured on the policy and premiums were paid from community funds, so she certainly had a contractual relationship with [insurer]. The duty to act in good faith does not arise in every situation where there is a contractual relationship between the claimant and the insurer, as demonstrated in those cases where the claimant and the insured both maintained separate policies with the same insurance company.
>
> . . .
>
> Although [wife] had a contractual relationship with [insurer], the claim underlying the allegations of bad faith in failing to promptly settle for policy limits is based *not* upon benefits payable to her under the policy, but upon her husband's tort liability to her for his negligence. . . . When [wife] asserted a liability claim against her spouse, she assumed the posture of a third-party claimant. Although [wife] had a relationship with [insurer], just as she had a relationship with [husband], in the context of her claim based on [husband's] negligence she was antagonistic to both insurer and spouse, and it cannot be said she dared rely upon [insurer's] good faith any more than any other injured party would. While [wife] might ultimately benefit from a bad faith claim which [husband] might pursue against [insurer], that duty is owed to [husband] and *not* to [wife]. As a third-party claimant, [wife] had no standing to assert extra-contractual and statutory claims against [insurer] for the denial and delay in the payment of her claim. The trial court did not err in granting summary judgment.

*Id.* at 449, 450. More recently, the Dallas Court of Appeals followed this reasoning, concluding an entity, even though it was an additional insured under a policy, could not sue the insurer for policy proceeds before the insured's liability to the entity was determined by judgment or settlement. *Ohio Cas. Ins. Co. v. Time*

15

*Warner Entm't Co., L.P.*, 244 S.W.3d 885, 888–89 (Tex. App.—Dallas 2008, pet. denied); *see also Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561, 566 (Tex. App.—Dallas 1990, writ denied) ("We conclude that an insurer does not owe the duty of good faith and fair dealing to its insured who is asserting a third-party claim against another insured of the same company.").

We agree with the rationale applied in *Rumley*. Even if Reule paid premiums for and was entitled to liability coverage under the Policy, in her current posture as a third-party claimant, Colony did not owe her duties under sections 541.060 and 542.051 and the duty of good-faith and fair dealing. *See Rumley*, 924 S.W.2d at 449 (holding wife "assumed the posture of a third-party claimant"). To hold otherwise would mean Colony owed conflicting duties to its tortfeasor insureds and to Reule.

Urging us not to adopt *Rumley*, Reule cites a 2011 case in which the high court of West Virginia expressly rejected *Rumley*. *See Loudin v. Nat'l Liab. & Fire Ins. Co.*, 716 S.E.2d 696, 703–05 (W. Va. 2011). In *Loudin*, William and Thomas were working on Thomas's truck when William accidently drove over Thomas, causing severe injuries. *Id.* at 698. Thomas had purchased a liability policy for the truck; under the circumstances, William was covered by the policy as a permissive operator despite having no contractual privity with the insurer. *Id.* Thomas filed a first-party claim with the insurer under the liability provision, which the insurer denied. *Id.* Thomas then sued William for negligence and the insurer for bad faith, breach of contract, breach of the duty of good faith and fair dealing, and DTPA violations. *Id.* at 698–99. The insurer settled the claims against William and moved for summary judgment against Thomas, arguing he was a third-party claimant to whom the insurer owed no duties; the trial court granted summary judgment. *Id.* at 699.

16

The high court reversed, concluding Thomas was a first-party insured because he paid premiums for, and was a named insured on, the policy and had a contractual relationship with the insurer. *Id.* at 702–03. The court cited *Rumley* and other opinions in which courts concluded an insurer does not owe duties to an insured when the insured was injured by a co-insured and has made a claim to the insurer from a third-party standpoint. *Id.* at 703–04. The court recognized the rationale in these opinions is the avoidance of placing the insurer in a situation in which it owes conflicting duties to the tortfeasor insured and the injured insured. *Id.* Nevertheless, the court explained that the injured insured in its case (and in the cited cases) initially filed an administrative claim directly with the insurer, meaning, at that point, there was no antagonism because the tortfeasor insured was not part of the equation. *Id.* at 704. The court concluded the later introduction of the tortfeasor insured did not "transform the pre-suit bad faith settlement into third-party bad faith settlement." *Id.* The court also supported its holding by noting that William, the tortfeasor, was not a named insured and did not pay premiums:

> [W]e now hold that, when a named policyholder files a claim with his/her insurer, alleging that a nonnamed insured under the same policy caused him/her injury, the policyholder is a first-party claimant in any subsequent bad faith action against the insurer arising from the handling of the policyholder's claim.

*Id.* at 703, 704–05.

We decline to follow *Loudin* in the present case. We fail to see how an injured insured's initial direct claim for benefits to the liability insurer permanently renders him a first-party claimant even after he files suit against the tortfeasor insured. *See id.* at 706 (Benjamin, J., dissenting) ("[T]he majority opinion places insurance companies in the impossible position of owing a duty of good faith and fair dealing to two potentially antagonistic parties at the same time.").

17

Accordingly, we hold that Reule does not have standing to bring claims based on sections 541.060 and 542.051[14] and breach of the duty of good faith and fair dealing.[15] We overrule Reule's sixth issue.

## V. DUE PROCESS AND EQUAL PROTECTION

In her seventh issue, Reule contends the trial court erred by granting summary judgment against her on her constitutional claims for violations of due process and equal protection. In her third-amended petition, Reule alleges "her due process rights were consistently violated by the courts, including the [Fourteenth] Court of Appeals who dismissed [her] case because she could not afford the filing fees and Social Security had already determined she was 135% below poverty level."[16] Reule also alleges she had brought an equal protection

---

[14] We reiterate that Reule limited her appellate argument to sections 541.060 and 542.051. Thus, our holding regarding third-party claims does not necessarily apply to other provisions of the Insurance Code. We also note that our holding does not prevent Reule from asserting claims against Colony for any unfair settlement practices or bad faith related to its actions occurring after Reule settled with, or obtained judgment against, other insureds of the Policy.

[15] After Colony filed its motion for summary judgment, Reule amended its petition to include a claim for breach of the duty of good faith and fair dealing. Reule argues the trial court erred by granting summary judgment against her on this claim because Colony did not amend its motion for summary judgment to challenge the new claim.

A party may not be granted summary judgment on a claim not addressed in a summary-judgment proceeding. *Espeche v. Ritzell*, 123 S.W.3d 657, 663 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Nevertheless, if a motion for summary judgment is sufficiently broad to encompass later filed claims, the movant is not required to amend the motion. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Reule did not allege new facts to support her added claim for breach of the duty of good faith and fair dealing. Furthermore, Colony argued in its motion that it owed no fiduciary duties to Reule and cited *Rumley* expressly for the proposition that the insured wife was a third-party claimant to whom the insurer did not owe the duty of good faith and fair dealing. Accordingly, we hold Colony's motion for summary judgment was sufficiently broad to encompass Reule's additional claim. *See Nall v. Plunkett*, --- S.W.3d ---, No. 12-0627, 2013 WL 3240335, at *3 (Tex. June 28, 2013) (holding traditional summary-judgment challenge to duty element of social-host-liability claim broad enough to encompass duty element of negligent-undertaking claim).

[16] In 2006, we dismissed Reule's appeal in one of her prior suits because she failed to pay

18

claim against Colony in a prior federal suit. Because it does not appear that Reule brings due process or equal protection claims against Colony in this suit, we conclude the trial court's summary judgment did not encompass such claims, but that Reule cannot raise them for the first time on appeal. We overrule Reule's seventh issue.

## VI.  REULE'S REMAINING CLAIMS

Reule's remaining claims are for violation of the Federal Fair Housing Act ("FFHA") and civil conspiracy. In portions of her ninth and tenth issues, Reule contends judgment was improperly rendered as to these claims because Colony did not challenge them in its motion for summary judgment.

In its motion, Colony challenged Reule's Texas Fair Housing Act ("TFHA") claim but not her FFHA claim. Colony argues Reule's failure to present evidence raising a fact issue as to her TFHA claim necessarily means the motion for summary judgment was broad enough to encompass her FFHA claim.

Colony challenged Reule's TFHA claim by arguing she could present no evidence that Colony committed any discriminatory act or violation prohibited under the TFHA. Under the TFHA, "discriminatory housing practice" is defined as an act prohibited under subchapter B or conduct denominated as a criminal offense under subchapter I. *See* Tex. Prop. Code Ann. § 301.003(7) (West 2007). The FFHA defines "discriminatory housing practice" in a similar manner. *See* 42 U.S.C.A. § 3602(f). In her third-amended petition, Reule alleged Colony violated *both Acts* by (1) failing to provide property insurance based on her disability, (2) providing coverage to non-disabled, non-insured males but not her, (3) not renewing her insurance policies and increasing her premiums even though

---

filing fees. *See Reule v. Sherwood Valley Council of Co-Owners*, No. 14-05-01231-CV (Tex. App.—Houston [14th Dist.] Mar. 30, 2006, no pet.) (per curiam).

Colony's business was real estate-related transactions, and (4) retaliating against her because she filed claims under, and helped others enjoy the rights provided by, the Acts. As asserted in her petition, these allegations pertain to substantially similar sections of the Acts. *Compare* Tex. Prop. Code Ann. § 301.025(b)–(c), § 301.026, § 301.171 (West 2007), *with* 42 U.S.C.A. § 3604(f)(2)–(3), § 3605, § 3617.

Because the elements of Reule's TFHA and FFHA claims are intertwined, and Reule failed to present any evidence that Colony committed an act prohibited under the TFHA, we conclude her FFHA claim is precluded as a matter of law. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) (holding it was harmless error for trial court to grant summary judgment for employer on vicarious-liability claim, even though claim was not challenged in motion for summary judgment, because trial court properly granted no-evidence summary judgment for employee on underlying negligence claim); *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 436–37 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding elements were similar for each of plaintiff's negligence-based claims and, thus, plaintiff's failure to present evidence as to one claim in response to no-evidence motion meant all negligence claims were precluded); *see also Nall*, 2013 WL 3240335, at *3 (holding traditional summary-judgment challenge to duty element of social-host-liability claim broad enough to encompass duty element of negligent-undertaking claim). It would be improvident to remand for further proceedings on Reule's FFHA claim when she was unable to present any evidence supporting the same alleged discriminatory acts under the TFHA.

Finally, Reule's conspiracy claim is a derivative claim for which she must prove Colony was liable for some underlying tort. *See Wohlstein v. Aliezer*, 321 S.W.3d 765, 775 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *SP Midtown,*

*Ltd. v. Urban Storage, L.P.*, No. 14-07-00717-CV, 2008 WL 1991747, at \*9 (Tex. App.—Houston [14th Dist.] May 8, 2008, pet. denied) (mem. op.). Because we uphold summary judgment relative to all of Reule's other claims, an essential element of her conspiracy claim has been negated—namely, an underlying tort. Accordingly, summary judgment is also proper as to her conspiracy claim. We overrule those portions of Reule's ninth and tenth issues relative to the FFHA and conspiracy.

We affirm the trial court's judgment.


/s/     John Donovan
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.