

## NUMBER 13-22-00057-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

AUDREY NICKERSON,                                                    Appellant,

v.

UNIQUE EMPLOYMENT I, LTD.,                                           Appellee.

---

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant Audrey Nickerson, an employee with the City of Corpus Christi (the City), sued appellee Unique Employment I, Ltd. (Unique), a temporary-staffing agency, after she was struck "in the back with a John Deere tractor front loader bucket" operated by Julio Pineda, an individual hired by the City through Unique.

By four issues, Nickerson argues the trial court erred in granting Unique's combined no-evidence and traditional motion for summary judgment because (1) there had not been an adequate period for discovery; (2) Unique's no-evidence motion lacked specificity and improperly established an affirmative defense; (3) Nickerson's § 417.001 third party liability claim under the Texas Workers' Compensation Act (TWCA) against Unique is a remedy that exists apart from the Texas Torts Claims Act (TTCA); and (4) a material fact exists as to Nickerson's third party liability claim and claims under doctrines for vicarious liability and respondeat superior for this injury. We affirm.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW AND APPLICABLE LAW

Our review of a summary judgment is de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). Under Rule 166a(i), a party may move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "To defeat a no-evidence motion, the non[]movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "If the non[]movant fails to meet its burden under the no-

evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* at 219.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* Evidence is conclusive only if reasonable people could not differ in their conclusions. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). "[W]e must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015).

Here, Unique included both traditional and no-evidence grounds in its motion for summary judgment. We review the no-evidence grounds first. *See Parker*, 514 S.W.3d at 219.

## II. UNIQUE'S NO-EVIDENCE SUMMARY JUDGMENT MOTION

### A. Timeliness Challenge

By her first issue, Nickerson asserts the trial court erred in granting Unique's no-evidence summary judgment motion because Unique filed its no-evidence motion before the end of the newly scheduled discovery period.

While defendants may move for traditional summary judgment at any time, TEX. R. CIV. P. 166a(b), Texas Rule of Civil Procedure 166a(i) provides that a party may move for no-evidence summary judgment only after an "adequate time" for discovery has passed. TEX. R. CIV. P. 166a(i). "That difference in timing provides an important degree of protection to a nonmovant responding to a no-evidence motion." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019). We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis under an abuse-of-discretion standard while examining several nonexclusive factors, including: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Guzman v. City of Bellville*, 640 S.W.3d 352, 357 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also Altecor v. United Prop. & Cas. Ins. Co.*, No. 13-20-00148-CV, 2022 WL 548281, at *9 n.15 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, pet. denied) (mem. op.).

Moreover, "[a] party claiming inadequate time for discovery must either file an affidavit explaining the need for more time or a verified motion for continuance." *Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 407 (Tex. App.—Houston [14th Dist.] 2013, pet.

4

denied); *see also Ebaseh-Onofa v. McAllen Hosps., L.P.*, No. 13-14-00319-CV, 2015 WL 2452701, at *5 (Tex. App.—Corpus Christi–Edinburg May 21, 2015, no pet.) (mem. op.). Failure to do so may result in a waiver of complaint on appeal. *See Reule*, 407 S.W.3d at 407; *see also Ebaseh-Onofa*, 2015 WL 2452701, at *5 (concluding plaintiff had waived complaint of inadequate time for discovery in no-evidence motion for summary judgment where counsel filed neither a verified motion for a continuance nor an affidavit on this basis).

Nickerson's alleged workplace injury occurred on September 25, 2014. On February 11, 2016, Nickerson filed her suit against Unique, and on December 5, 2016, Unique filed a plea to the jurisdiction, which the trial court granted, and Nickerson appealed. In a previous memorandum opinion from this Court, we concluded that because Unique did not assert any grounds challenging the trial court's subject matter jurisdiction, the trial court erred in granting Unique's plea to the jurisdiction. *Nickerson v. Pineda*, No. 13-17-00346-CV, 2019 WL 2041774, at *1 (Tex. App.—Corpus Christi–Edinburg May 9, 2019, pet. denied) (mem. op.). After our mandate issued on January 8, 2021, the trial court signed an agreed docket control order on August 10, 2021, which provided the parties with a discovery deadline of February 26, 2022.

Unique thereafter filed its motion for no-evidence and traditional summary judgment on September 24, 2021, arguing in relevant part that the parties had completed discovery prior to the trial court's issuance of its August 2021 docket control order. Attached to Unique's motion were (1) excerpts of Pineda and Nickerson's oral depositions, both taken on July 21, 2016, and (2) Nickerson's appellate brief in cause

5

number No. 13-17-00346-CV, wherein she stated pretrial discovery had occurred between February 11, 2016, and December 4, 2016, and referenced medical records and depositions taken of other City employees. As applicable here, in Nickerson's response to Unique's no-evidence motion, she argued that Unique's no-evidence motion was untimely pursuant to Rule 166a(i). Nickerson's counsel filed neither a verified motion for a continuance nor an affidavit to address Unique's no-evidence motion or explain what discovery efforts remained.

Having reviewed the record, it is clear that the parties' discovery efforts began in 2016, and the case predates the trial court's August 2021 docket control order. Thus, the first factor weighs in favor of finding that an adequate time has passed. *See Guzman*, 640 S.W.3d at 357. As to the remaining factors—the materiality and purpose of the remaining discovery—it is unclear what Nickerson sought to discover. Nickerson's counsel did not file a verified motion for a continuance or an affidavit providing further insight as to what discovery she sought. Instead, Nickerson's argument concerning the timeliness of Unique's filing exclusively relies on the official comment to Rule 166a(i), which she purports bars the trial court's consideration of a no-evidence summary judgment filed before the end of a discovery period. The comment states: "A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and *ordinarily a* [no-evidence] motion . . . would be permitted after the period *but not before.*" TEX. R. CIV. P. 166a(i) & cmt (emphasis added); *see Aguirre v. Phillips Props., Inc.,* 111 S.W.3d 328, 344 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied) (op. on reh'g); *see also Castillo v. Mizpah Residential Care*, No. 13-12-00719-

6

CV, 2014 WL 2159255, at \*3 (Tex. App.—Corpus Christi–Edinburg May 22, 2014, pet. denied) (mem. op.).

Assuming without deciding that Nickerson has not waived her complaint, *see Reule*, 407 S.W.3d at 407; *see also Ebaseh-Onofa*, 2015 WL 2452701, at \*5, we disagree with Nickerson that the trial court's actions ran afoul of the Rule 166a(i) comment. The comment observes what may be ordinarily used as a sufficient measurement tool for determining whether "adequate time" has passed (i.e., a discovery period outlined by a trial court's discovery order) for a party to file a no-evidence motion. *See* TEX. R. CIV. P. 166a(i) & cmt. The comment, however, does not prohibit a party from filing within the discovery period when faced with inordinate facts and whether adequate time has passed is determined on a case-by-case basis. *See id.*; *Guzman*, 640 S.W.3d at 357. Here, although Unique filed a no-evidence motion before the newly scheduled discovery period ended, the case had been on file for over five years, witnesses had already been deposed, and significantly, it is unclear what additional discovery Nickerson sought because Nickerson did not file a motion for continuance on this basis nor did she provide insight as to what discovery was outstanding in her response to Unique's motion. Therefore, the trial court did not abuse its discretion in entertaining Unique's no-evidence motion, *see Guzman*, 640 S.W.3d at 357, and we proceed to consider the merits of Unique's no-evidence motion. We overrule Nickerson's first issue.

## B.    Specificity Challenge

By her second issue, Nickerson avers that Unique's no-evidence motion lacked specificity and improperly established affirmative defenses. Nickerson argues Unique

7

"categorically failed to state in the motion the elements upon which it asserted that there was," thereby presenting an improper no-evidence challenge to the following causes of action: (1) § 417.001 third party liability under the TWCA; (2) negligence; (3) negligence per se; (4) negligent entrustment; (5) negligent maintenance; (6) negligent hiring, supervision, retention, and training; and (7) respondeat superior.

As discussed below, the no-evidence section of Unique's motion appropriately sets forth the elements for several of the claims Nickerson alleges and specifically identifies which elements are being challenged—which is all that is required of a movant under Rule 166a(i). *See* TEX. R. CIV. P. 166a(i); *Parker*, 514 S.W.3d at 219–20; *Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 107 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding a motion which "specifically listed each challenged element" of the plaintiff's cause of action and "stated that [the nonmovant] could not establish any of these elements" met the requirements of Rule 166a(i)); *see also In re Kingman Holdings, LLC*, No. 13-21-00217-CV, 2021 WL 4301810, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 22, 2021, orig. proceeding) (mem. op.) (same); *Guishard v. Money Mgmt. Int'l, Inc.*, No. 14-14-000362-CV, 2015 WL 4984853, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.) (mem. op.) (same).

At the outset, we note that the elements of an ordinary common-law negligence claim are (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by the breach. *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *see also Villanueva v. Lazarus Energy Holdings, LLC*, No. 13-22-00137-CV, 2023 WL 2711105, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 30, 2023,

8

no pet.) (mem. op.). Negligence per se, negligent entrustment, negligent hiring and/or screening of driver qualifications, negligent training and supervision, negligent retention, and negligent maintenance are all theories which share elements of common-law negligence, namely: there must exist a legal duty and breach of that duty. *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 598 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see generally AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289, 298–99 (Tex. 2020) (concluding that, even though defendant's summary judgment motion did not address negligence per se claim, summary judgment on that claim was proper because the motion asserted there was no evidence of duty or breach with respect to ordinary negligence claim). Whether a defendant owes a plaintiff a legal duty of care is a threshold issue which the plaintiff must prove to succeed on any negligence claim. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017). Where no duty exists, a defendant cannot be liable in tort. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

Unique's motion alleged that there was no evidence it owed a duty to Nickerson, it breached any duty, or its breach was the proximate cause of Nickerson's damages. Additionally, Unique listed each of the elements of negligent-entrustment and negligent maintenance, arguing that Nickerson failed to provide evidence of every element, namely: that Unique entrusted the vehicle which injured Nickerson to Pineda; that Pineda was an unlicensed, incompetent, or reckless driver; that at the time of the entrustment, Unique knew or should have known that Pineda was an unlicensed, incompetent, or reckless driver; that Pineda was negligent on the occasion in question; that Pineda's negligence proximately caused the accident; and that the risk that caused the entrustment to be

9

negligent also proximately caused Nickerson's injuries. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016) (listing the factors for negligent entrustment). As to negligent maintenance, Unique reiterated its position that Nickerson had no evidence that Unique had a duty to maintain, that there had been a breach of that maintenance duty, or that their failure to maintain was a proximate cause of her injuries. *See Rayner v. Claxton*, 659 S.W.3d 223, 252 (Tex. App.—El Paso 2022, no pet.) (listing the factors for negligent maintenance).

Regarding Nickerson's negligent hiring, supervision, retention, and training claims, Unique again specifically challenged every element, arguing Nickerson had no evidence showing that: Unique owed Nickerson a legal duty to hire, supervise, train, or retain competent employees, Unique breached that duty, Unique's employee committed a tort, and Nickerson's injuries were proximately caused by the employee's tort and Unique's breach of its legal duty. *See EMI Music Mexico, S.A. de C.V. v. Rodriguez*, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (setting forth the overlapping elements for negligent hiring, supervision, retention, and training); *see also Rayner*, 659 S.W.3d at 244–45 ("Claims for negligent hiring, supervision, and training are properly made only against the tortfeasor's employer; establishing an employer–employee relationship between the defendant and the tortfeasor is a prerequisite to establishing the duty element.").

While Nickerson is correct that Unique entwines its no-evidence arguments with traditional summary judgment arguments, i.e., affirmative defenses, throughout the no-evidence section of its motion, "[p]arties may combine traditional and no-evidence

motions in a single hybrid filing and attach evidence so long as they clearly set forth their grounds and otherwise meet the requirements for each motion." *Draughon v. Johnson*, 631 S.W.3d 81, 88 n.2 (Tex. 2021). Unique's hybrid motion did so here; therefore, it was incumbent on Nickerson to respond with evidence of each of her claims as the burden had shifted. *See Lujan*, 555 S.W.3d at 84. Because Nickerson did not, we must affirm the summary judgment order rendered on Nickerson's negligence, negligence per se; negligent entrustment; negligent maintenance; and negligent hiring, supervision, retention, and training causes of action. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam) ("If a nonmovant fails to carry this burden, then the court 'must' grant summary judgment." (quoting TEX. R. CIV. P. 166a(i))); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776–77 (Tex. App.—Dallas 2013, pet. denied) (affirming the trial court's finding that a nonmovant's summary judgment response lacked specificity when the nonmovant merely referenced groups of exhibits and did not cite, quote, or otherwise point out evidence relied upon); *see also Denson v. JPMorgan Chase Bank, N.A.*, No. 01-19-00107-CV, 2020 WL 7062452, at *3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.) (concluding a nonmovant failed to carry burden to produce evidence in a no-evidence response where the nonmovant attached exhibits to her summary judgment response but "failed to cite to or otherwise direct the trial court to specific evidence supporting the challenged elements"); *Amaya v. Bissell HomeCare, Inc.*, No. 13-18-00086-CV, 2020 WL 4382020, at *8 (Tex. App.—Corpus Christi–Edinburg July 30, 2020, no pet.) (mem. op.) ("In determining whether [the nonmovant] successfully carried his burden, neither this court nor the trial court is required to wade through a

voluminous record to marshal his proof."); *Moon Sun Kang v. Derrick*, Nos. 14-13-00086-CV, 14-13-00088-CV, 2014 WL 2048424, at *7–8 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.) (same).

Additionally, because the doctrines of respondeat superior or vicarious liability asserted by Nickerson are not independent torts, they fail alongside Nickerson's underlying negligence claims. *See Walgreens v. McKenzie*, 676 S.W.3d 170, 180–81 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *see also Painter*, 561 S.W.3d at 131 (explaining that the doctrine of vicarious liability arises only with an applicable tortious act). We overrule Nickerson's second issue and fourth issues.[1]

### III.    UNIQUE'S TRADITIONAL SUMMARY JUDGMENT MOTION

Nickerson's third issue is multifaceted. She argues that her § 417.001 third party liability claim against Unique is a remedy that exists apart from the TTCA, Unique failed to address this claim in either the no-evidence or traditional summary judgment portion of its motion, and a material fact exists to survive a summary judgment motion. On appeal, Unique acquiesces that it did not address Nickerson's "§ 417.001 of the [TWCA] claim" because it challenged only what Nickerson pleaded; "Nickerson did not include any supposed standalone claim under" this provision; and to the extent this Court concludes such claim was pleaded, the claim is without a legal basis.

"In most cases, workers'-compensation benefits are the exclusive remedy against a workers'-compensation subscribing employer for on-the-job injuries." *Wausau*

---

[1] Nickerson's fourth issue asserted the existence of a material fact precluding traditional summary judgment against Nickerson's claims under the doctrines of vicarious liability and respondeat superior. *See* TEX. R. APP. P. 47.4.

*Underwriters Ins. Co. v. Wedel*, 557 S.W.3d 554, 556 (Tex. 2018) (citing first TEX. LAB. CODE ANN. § 408.001(a), and then *Port Elevator–Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012)). Section 417.001, however, permits an employee to seek damages from a liable third party *in addition* to receiving workers' compensation benefits. TEX. LAB. CODE ANN. § 417.001(a) ("An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle."). There is nothing in the provision that would suggest that § 417.001 creates a standalone cause of action. Rather, it affords a statutory remedy where a third party is or becomes liable under a pursued cause of action to pay damages to an employee for an employee's compensable injury, for which the employee already received workers' compensation benefits.

Because § 417.001 of the TWCA is not a standalone claim, and having already disposed of all of Nickerson's causes of action, our analysis ends without a discussion of the traditional summary judgment portion of Unique's motion. *See* TEX. R. APP. P. 47.4; *Parker*, 514 S.W.3d at 219.

We overrule Nickerson's third issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of January, 2024.

13