

NUMBER 13-18-00445-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WILLIAM HENDRYX,                                                    **Appellant,**

**v.**

WILLIAM TUCKER, D.O.; WILLIAM AARON
TUCKER, D.O., P.A.; C.H. WILKINSON
PHYSICIAN NETWORK D/B/A CHRISTUS
PHYSICIAN GROUP; RUFINO GONZALEZ,
M.D.; AND RUFINO GONZALEZ, M.D., P.A.,                              **Appellees.**

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

After undergoing knee surgery, appellant William Hendryx filed a health care

liability suit against appellees William Tucker, D.O.; William Aaron Tucker, D.O., P.A.;

C.H. Wilkinson Physician Network d/b/a Christus Physician Group; Rufino Gonzalez, M.D.; and Rufino Gonzalez, M.D., P.A. The trial court granted no-evidence summary judgment dismissing the lawsuit. Hendryx argues on appeal that the trial court erred in: (1) failing to rule on his motion for leave to designate a testifying expert witness; and (2) granting summary judgment. We affirm.

## I. BACKGROUND

Hendryx was injured while working at a construction site on or around February 4, 2014. An MRI exam revealed extensive damage to his right knee, including a complete rupture of the quadriceps tendon, a small tear of the inner margin of the medial meniscus, and a small tear of the inner margin of the lateral meniscus. Tucker, with Gonzalez assisting, performed surgery the next day to repair the quadriceps tendon. Hendryx was discharged from the hospital on February 7, 2014.

Despite medication and physical therapy, Hendryx still suffered from knee pain for over a year after the surgery. Another MRI was taken on March 18, 2015, which showed a tear of the posterior horn of the medial meniscus. In August 2015, Hendryx was seen by another physician, Charles Breckenridge, M.D., who diagnosed "a medial meniscus tear and posttraumatic changes along with significant adhesive changes" and recommended a total knee replacement. In December of 2015, Hendryx was seen by Aadam Quraishi, M.D., a radiologist, who opined that a total knee replacement was the only surgical option due to the amount of time that had passed since the initial injury.

Hendryx filed the instant suit on April 19, 2016, alleging that Tucker and Gonzalez were negligent by failing to diagnose, repair, and timely or properly treat his meniscus injuries. He further alleged the doctors were negligent by "delaying in obtaining a[n] MRI that would have identified [his] meniscus injury." In compliance with the Texas Medical

2

Liability Act (TMLA), Hendryx served appellees with an expert report by Frank L. Barnes, M.D., on September 2, 2016.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351.  Appellees did not object to Barnes's report.

On August 17, 2017, the trial court signed an "Agreed Docket Control Order" (DCO) setting trial for May 22, 2018.  The DCO set an April 20, 2018 deadline for the "completion of all discovery including supplementation."  It also stated:

> Deadlines for DESIGNATION OF EXPERTS, by providing the information set out in TRCP 194.2(f) and providing expert reports from all retained experts who are designated to testify at the time of trial are as follows: (Treating physicians not specifically retained for this litigation who are designated as expert witnesses are not obligated to reduce their opinions to written reports)
>
> Plaintiff:    01/05/2018
>
> Defendant:   02/12/2018

*See* TEX. R. CIV. P. 194.2(f).[1]

On March 21, 2018, appellees filed a motion for no-evidence summary judgment asserting that there is no evidence they breached the applicable standard of care or that

---

[1] Texas Rule of Civil Procedure 194.2(f) provides that, for any testifying expert, a party may request disclosure of:

    (1)    the expert's name, address, and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    the expert's current resume and bibliography[.]

TEX. R. CIV. P. 194.2(f).

any breach proximately caused Hendryx injuries. Appellees observed in the motion that, as of the date of filing, Hendryx had "failed to designate any retained testifying experts" and had also "failed to produce any expert reports from any retained testifying experts."

Subsequently, on April 12, 2018, Hendryx filed a "Motion for Leave to Permit Designation of Expert Witness" as well as a response to the summary judgment motion. In his motion for leave, Hendryx sought to designate Barnes as a testifying expert, despite the fact that the January 5, 2018 deadline under the DCO for the designation of testifying experts had already passed. Hendryx argued in the motion that the deadline "fell before [he] was able to complete the depositions of defendants."[2] The motion for leave further explained that Hendryx "believed that he had identified Dr. Barnes as his expert prior to the deadline" and "[a]s a result, the January 5, 2018 deadline was not met, a fact that was discovered only after [appellees] filed their motion for summary judgment." To his response to the summary judgment motion, Hendryx attached: (1) excerpts from Hendryx's deposition; (2) excerpts from Tucker's deposition; (3) Barnes's previously-filed expert report; and (4) an unsworn letter report by Quraishi.[3]

Appellees filed a reply containing objections to all four pieces of evidence on various grounds. As to Hendryx's deposition testimony, appellees asserted Hendryx was not qualified to opine on a physician's standard of care or causation. As to the excerpts from Tucker's deposition, appellees argued that Hendryx did not specify which statements therein constituted evidence supporting his claims. As to Barnes's report and Quraishi's

---

[2] The motion for leave stated that Tucker's deposition was taken on January 19, 2018, and Gonzalez's deposition was scheduled for April 19, 2018.

[3] Quraishi's letter stated in part that, though Hendryx already underwent surgery for his quadriceps tendon tear, "the meniscal tears were never initially addressed or treated," and "[t]his resulted in long standing and significant post traumatic changes with the development of scarring/adhesions and patellar tracking."

4

letter, appellees argued: (1) they are not in proper affidavit form; (2) they are inadmissible hearsay; and (3) the authors were not timely designated as experts. Appellees further contended that Barnes's report was inadmissible as evidence under § 74.351(k) of the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(k).

Without ruling on Hendryx's motion for leave, the trial court signed a judgment granting appellees' no-evidence summary judgment motion and dismissing the suit with prejudice on May 14, 2018. This appeal followed.[4]

## II. DISCUSSION

By one issue on appeal, Hendryx contends the trial court abused its discretion by (1) granting summary judgment in favor of appellees, and (2) failing to rule on his motion for leave to designate Barnes as an expert witness.

## A. Standard of Review and Applicable Law

We review summary judgments de novo. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). In doing so, we review the evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

A no-evidence summary judgment motion under Texas Rule of Civil Procedure 166a(i) requires the non-movant to present evidence raising a genuine issue of material fact supporting each element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The motion may be made only

---

[4] In their brief, appellees state that Hendryx voluntarily non-suited his claims against appellees Gonzalez and Rufino Gonzalez, M.D., P.A., prior to the rendition of judgment. However, the judgment on appeal grants relief to those parties. Further, though appellees have attached what appears to be Hendryx's notice of partial non-suit as an appendix to their brief, the notice does not appear in the record. *See Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 (Tex. App.—Corpus Christi–Edinburg 2008, pet. dism'd) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal.").

5

"[a]fter adequate time for discovery" has passed. TEX. R. CIV. P. 166a(i). A fact issue exists if the non-movant produces more than a scintilla of probative evidence. *Neely*, 418 S.W.3d at 59.

Texas Rule of Civil Procedure 163.6(a) provides:

A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1)     there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2)     the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a).

## B.  Failure to Rule on Motion for Leave

We first address Hendryx's sub-issue contending that the trial court erred in failing to rule on his motion for leave to designate Barnes as an expert witness. Hendryx argues that there was good cause for his failure to timely designate Barnes and that, even if there was no good cause, the late designation would not unfairly surprise or prejudice appellees in light of the fact that Barnes's expert report had been served on appellees many months earlier. *See id.* In response, appellees maintain that Hendryx failed to establish good cause or lack of unfair surprise or prejudice. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 14 (Tex. App.—Austin 2005, no pet.) ("[T]he fact that a non-designated expert's initial report has been filed does not prevent the opposing party from suffering unfair surprise or prejudice if that expert's testimony is then considered as evidence for summary judgment purposes.").

The parties appear to agree that the trial court never ruled on Hendryx's motion for

6

leave, and Hendryx specifically takes issue with that omission on appeal. Nevertheless, none of the parties' briefs[5] cite any authority regarding a trial court's responsibility to rule on a duly-filed motion or when a trial court's failure to do so constitutes reversible error. Therefore, to the extent this sub-issue complains of the trial court's failure to rule on Hendryx's motion to leave, it is overruled as inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

We observe that the Texas Supreme Court has recently stated:

[R]ulings on a motion for summary judgment and objections to summary judgment evidence are not alternatives; nor are they concomitants. Neither implies a ruling—or any particular ruling—on the other. In short, a trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not "capable of being understood" from the ruling on the motion for summary judgment.

*Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 165–66 (Tex. 2018) (quoting *Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.)). In *Seim*, the trial court's granting of the defendant's summary judgment motion did not serve as an implicit ruling on the defendant's objections to summary judgment evidence because "even without the objections, the trial court could have granted summary judgment against the [plaintiffs] if it found that their evidence did not generate a genuine issue of material fact." *Id.* at 166. Similarly, the trial court's granting of summary judgment in favor of appellees in this case did not necessarily imply that the trial court denied Hendryx's motion for leave. Instead, even if the trial court believed the motion for leave was meritorious, it still could have granted summary judgment if it found Hendryx's evidence did not generate a genuine issue of material fact. *See id.*; *see also* TEX. R. CIV. P. 166a(i).

---

[5] Hendryx filed an initial brief and a reply brief. Appellees filed an initial brief and, after we granted leave, a sur-reply brief.

Therefore, to the extent this sub-issue asserts that the trial court implicitly denied Hendryx's motion for leave, we disagree. Instead, we conclude that Hendryx has forfeited any merits-based review of his motion for leave because he never obtained a ruling thereon, and he never objected to the trial court's failure to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Seim*, 551 S.W.3d at 165–66. This sub-issue is overruled.

## C. Summary Judgment

As to the summary judgment ruling itself, Hendryx first contends that it was erroneous because there was an inadequate time for discovery. *See* TEX. R. CIV. P. 166a(i). But a party claiming inadequate time for discovery "must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 407 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Rankin v. Union Pac. R.R. Co.*, 319 S.W.3d 58, 67 (Tex. App.—San Antonio 2010, no pet.); *see also Ebaseh-Onofa v. McAllen Hosps., L.P.*, No. 13-14-00319-CV, 2015 WL 2452701, at *5 (Tex. App.—Corpus Christi–Edinburg May 21, 2015, no pet.) (mem. op.). Hendryx filed neither a verified motion for continuance nor an affidavit explaining the need for further discovery.[6] Therefore, he has waived this complaint. *See Reule*, 407 S.W.3d at 407; *see also Ebaseh-Onofa*, 2015 WL 2452701, at *5.

Hendryx further argues that summary judgment was improper on the merits because the evidence raised genuine issues of material fact as to the elements of his claims. A plaintiff in a medical negligence suit must establish four elements: (1) a duty by the physician to act according to a certain standard of care, (2) a breach of the

---

[6] Moreover, Hendryx did not argue in his response to appellees' summary judgment motion that there was inadequate time for discovery.

applicable standard of care, (3) injury or harm to the plaintiff, and (4) a causal connection between the breach of the applicable standard of care and the injury or harm. *Dorsey v. Raval*, 480 S.W.3d 10, 18–19 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). Unless the medical treatment at issue is a matter of common knowledge or is within the experience of the layman, expert testimony is required to establish medical negligence. *Brandt v. Surber*, 194 S.W.3d 108, 115 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied) (citing *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 876 (Tex. 2001)).

On appeal, appellees contend that the evidence Hendryx submitted is inadmissible and therefore insufficient to survive summary judgment. We agree. "In order for a trial court to consider the plaintiff's expert's testimony as summary judgment evidence, the plaintiff must have timely designated that expert as a testifying witness." *Cunningham*, 185 S.W.3d at 10–11; *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 274 (Tex. App.—Austin 2002, pet. denied). "A plaintiff may satisfy this designation requirement by furnishing the information listed in Rule 194.2(f) in response to a request for disclosure." *Cunningham*, 185 S.W.3d at 11 (citing TEX. R. CIV. P. 194.2(f), 195.2). "Although a plaintiff may have supplied some information about its expert by filing an expert report, as is statutorily required in medical malpractice cases, the filing of such a report does not satisfy the procedural requirement of 'designating' an expert." *Id.*

In this case, Hendryx did not timely designate Barnes, Quraishi, or Breckenridge as testifying experts.[7] Accordingly, the trial court was not permitted to consider the report

---

[7] In his reply brief, Hendryx asserts that he timely designated Quraishi as a testifying expert. As support for this claim, he points to his initial Rule 194.2 disclosure, which was apparently filed in June of 2016. However, though Hendryx's initial Rule 194.2 disclosure was attached as an exhibit to appellees' opening brief, it does not appear in the record, so we may not consider it. *See Gonzalez*, 251 S.W.3d at 777. In any event, even assuming Quraishi was properly designated as a testifying expert, his letter was

9

or testimony of these doctors as summary judgment evidence. Because the trial court was barred from considering the only expert testimony produced by Hendryx in response to the no-evidence motion, the trial court did not err in granting summary judgment dismissing Hendryx's medical negligence claims. *See* TEX. R. CIV. P. 166a(i); *City of Keller*, 168 S.W.3d at 810 ("'No evidence' points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact."); *Brandt*, 194 S.W.3d at 115.[8]

This sub-issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the
15th day of August, 2019.

---

unsworn and was therefore inadmissible as summary judgment evidence, as appellees argued in their objections. *See Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied) ("Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence."); *see also* TEX. R. CIV. P. 166a(f).

[8] Hendryx does not argue that his treatment is a matter of common knowledge or is within the experience of the layman such that no expert testimony would be needed. *See Brandt v. Surber*, 194 S.W.3d 108, 115 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied) (citing *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 876 (Tex. 2001)).